IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

FILED
NOV 1 6 2007
11-16-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| TERENCE JERMAN AND THERESA HARSKEY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| HOME DEPOT U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, | ) ) ) ) |
| Defendant. | ) ) |

07CV6517
JUDGE CASTILLO
MAG. JUDGE COLE

**JURY DEMAND**

## NOTICE OF REMOVAL

NOW COMES the Defendant, HOME DEPOT U.S.A., INC. ("Home Depot"), by and through its attorneys, McVEY & PARSKY, LLC, and pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, files this Notice of Removal to the United States District Court for the Northern District of Illinois, Eastern Division, from the Circuit Court of Cook County, Illinois, where the action captioned *Terence Jerman and Theresa Harskey v. Home Depot U.S.A., Inc.* (Case No. 2007 L 010696) is currently pending, and in support thereof states as follows:

1. On October 10, 2007, Terence Jerman and Theresa Harskey ("Plaintiffs") filed their Complaint in the Circuit Court of Cook County, Law Division.

2. Plaintiffs served Home Depot with process on October 18, 2007.

3. Attached hereto as **Exhibit A** is Plaintiffs' Complaint and Summons served upon Home Depot. This document constitutes all of documents in the court's case file.

4. Home Depot is a Delaware corporation with its principal place of business in Atlanta, Georgia, thereby making Home Depot a citizen of the State of Delaware and the State of Georgia.

5. Plaintiffs in their Complaint do not allege that they are citizens of either the State of Delaware or the State of Georgia. On information and belief, plaintiffs are citizens of the State of Illinois.

6. There is complete diversity of citizenship between the Plaintiffs and Home Depot pursuant to 28 U.S.C. § 1332.

7. Plaintiffs' Complaint alleges that Terence Jerman suffered severe and permanent injuries, that he has expended large sums of money for medical expenses and that he has lost large sums of money by being unable to follow his usual occupation. Terence Jerman requests damages in an amount in excess of $50,000.

8. Similarly, Plaintiffs' Complaint alleges that Theresa Harskey was the wife of Terence Jerman on the date of his alleged accident giving rise to his alleged injuries and that she was deprived of the care, services, association, companionship, society and consortium of Terence Jerman. Theresa Harskey requests damages in an amount in excess of $50,000.

9. On November 13, 2007, the undersigned counsel for Home Depot spoke to counsel for Plaintiffs regarding Terence Jerman's alleged incident. From this conversation, it is clear that Plaintiffs will be seeking well in excess of $75,000 in damages. Therefore, Home Depot holds the good faith belief that the amount in controversy in this matter exceeds $75,000.

10. Based on the foregoing, this Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because all parties hereto are diverse and the amount in controversy exceeds $75,000.

11. This Notice of Removal is filed on the 29th day after Home Depot's first notice of this suit being filed against it, through service of Process and Complaint on its Registered Agent on October 18, 2007.

12. In accordance with 28 U.S.C. § 1446(d), Home Depot is giving written notice of removal to Plaintiffs and to the Circuit Court of Cook County.

WHEREFORE, based on the foregoing, the Defendant, Home Depot U.S.A., Inc., respectfully requests that this action proceed in this Court as an action properly removed to it.

Respectfully Submitted,

HOME DEPOT U.S.A., INC.

John P. McCorry
Attorney No. 6280573
Attorney for Defendant, Home Depot

Mark E. Parsky
Paul V. Kaulas
Edward F. McGinnis
John P. McCorry
McVey & Parsky, LLC
30 N. LaSalle St., Suite 2100
Chicago, IL 60602
Phone: (312) 551-2130
Fax: (312) 551-2131
Email: jpm@mcveyparsky-law.com

Exh. A.



**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

CZG / ALL
Transmittal Number: 5396342
Date Processed: 10/18/2007

| | |
|---|---|
| Primary Contact: | Nancy Bunker<br>The Home Depot, Inc.<br>2455 Paces Ferry Rd SE<br>Atlanta, GA 30339-1834 |
| Copy of transmittal only provided to: | Quinessa Malcolm |
| Entity: | Home Depot U.S.A., Inc.<br>Entity ID Number 2483807 |
| Entity Served: | Home Depot U.S.A., Inc. d/b/a The Home Depot |
| Title of Action: | Terence Jerman vs. Home Depot U.S.A., Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Worker's Compensation |
| Court: | Circuit Court Cook County, Illinois |
| Case Number: | 2007L010696 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 10/18/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Paul G. O'Toole<br>312-372-6367 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

90674

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION 2007L010696
CALENDAR/ROOM J
TIME 00:00
PI Structural

TERENCE JERMAN and THERESA HARSKEY,   )
                                       Plaintiffs,   )
                                                      )   PLEASE SERVE:
v.                                                    )   Home Depot U.S.A., Inc.
                                                      )   d/b/a The Home Depot
HOME DEPOT U.S.A., INC., a foreign corporation,       )   Via Registered Agent
d/b/a THE HOME DEPOT,                                 )   Illinois Corporation Service
                                       Defendants.    )   801 Adlai Stevenson Drive
                                                          Springfield, IL 62703

## SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, and pay the required fee, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

TO THE OFFICER:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS: OCT 10 2007 , 2007

DOROTHY BROWN
Clerk of Circuit Court

Attorney No.: 90674
REIBMAN, HOFFMAN, BAUM, HIRSCH & O'TOOLE
Attorneys for Plaintiff(s)
20 North Clark Street, Suite 1700                     Date of Service: _____
Chicago, IL 60602                                     (To be inserted by officer on copy
(312) 372-6367                                        left with Defendant or other person)

(SEAL)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

90674

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| TERENCE JERMAN and THERESA HARSKEY, ) | |
| Plaintiffs, ) | |
| v. ) | 2007L010696 |
| ) | CALENDAR/ROOM J |
| HOME DEPOT U.S.A., INC., a foreign corporation, ) | TIME 00:00 |
| d/b/a THE HOME DEPOT, ) | PI Structural |
| Defendant. ) | |

### COMPLAINT AT LAW

### COUNT I

NOW COMES the Plaintiff, TERENCE JERMAN, by and through his attorneys, REIBMAN, HOFFMAN, BAUM, HIRSCH & O'TOOLE, and complaining of the Defendant, HOME DEPOT U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, states as follows:

1. That on or about October 11, 2005, and for a long time prior and subsequent thereto, the Defendant was a foreign corporation, licensed to do business in the State of Illinois.

2. That on said date, and for a long time prior thereto, subsequent thereto, the Defendant was engaged in the retail sale of merchandise and development of merchandise displays, at its store located at 2920 Audrey Avenue, City of Naperville, County of DuPage, State of Illinois.

3. That on or about the aforesaid date, Home Depot was a Delaware corporation doing business in Cook County, Illinois.

4. That at all times relevant, the Plaintiff was an employee of PMR, Inc., who was contracted to reset and alter shelving displays which were both permanent and temporary.

5. That on or about the aforesaid date, Plaintiff, TERENCE JERMAN, was lawfully on said premises, in the course of his employment as part of a crew that resets stores' shelves and sets

up displays. Terence Jerman was in the process of resetting and altering a structure in the aforesaid stated premises.

6. In its capacity, the Defendant used its own agents and servants, as well as certain contractors and subcontractors to perform work on the aforementioned premises.

7. That by reason of the premises, it was the duty of the Defendant to see that its agents and servants, and any and all subcontractors used in the construction and alteration of said building, including the resetting of the store's shelving units and merchandise displays upon said building, to maintain the aforesaid building, and property, in a reasonable, proper and safe condition for use by persons lawfully upon the same and especially for those persons engaged in working in the building as heretofore described and to properly supervise and instruct the employees to perform safe construction activities.

8. That on or about the aforesaid date, the Plaintiff, was working within said building and by reason of the direct and proximate result of the negligence of the Defendant, in whole or in part, as hereinafter specified, the Plaintiff, TERENCE JERMAN, was caused to suffer severe and permanent injuries, and great bodily pain and suffering as hereinafter said forth.

9. That at said time and place, the Defendants, while engaged in the construction, alteration, resetting, operation, and maintenance of said premises, as heretofore specified, carelessly, negligently and improperly did one or more of the following acts or omissions which were the proximate cause, in whole or in part, of the Plaintiff's injuries as hereinafter set forth:

    a. Carelessly and negligently failed to provide the Plaintiff with a safe place to work;

    b. Carelessly and negligently supervised, controlled and improperly instructed the employees and contractors who were working within the aforesaid premises;

    c. Carelessly and negligently failed to maintain proper safety measures for persons working in and about the said aforementioned property;

d.  Carelessly and negligently failed to properly monitor, inspect and review control work being performed by agents/servants of subcontractors retained to perform work on said premises;

e.  Carelessly and negligently directed and improperly instructed workers to install shelving support components contrary to the plan-o-gram, in the area in which the Plaintiff was working, knowing, or in excess of reasonable care and caution should have known, that said conditions were dangerous to persons working upon said premises, and especially to the plaintiff;

f.  Carelessly and negligently directed and improperly instructed workers to install shelving support components according to the plan-o-gram, in the area in which the Plaintiff was working, knowing, or in excess of reasonable care and caution should have known, that said conditions were dangerous to persons working upon said premises, and especially to the plaintiff;

g.  Carelessly and negligently failed to take necessary precautions for the safety of persons working upon said premises, and failed to direct safe guards for the protection of said workman;

h.  Carelessly and negligently directed the operation, methods and safety of its subcontractors, including the Plaintiff, in a dangerous manner;

i.  Carelessly and negligently failed to provide safe and suitable supports for the Plaintiff and other subcontractors that were performing alterations, construction and reset on the Defendant's premises;

j.  Was otherwise careless and negligent in the maintenance of the premises;

k.  Carelessly and negligently failed to provide proper tools and safety equipment;

l.  Was otherwise careless and negligent

10. That by means of the premises and as a proximate result thereof, Plaintiff, TERENCE JERMAN, was injured while performing the aforesaid stated activities, in his head, body, and limbs, both externally and internally, and muscles, ligaments, tissues, nerves and blood vessels in his head, body, and limbs were bruised, lacerated, torn and injured, and he suffered then until now, and he will continue so to suffer in the future; that he has expended and will in the future expend large sums of money for medical expenses in endeavoring to be cured of said injuries; that he has lost large sums

of money and will in the future lose large sums of money by reason of being unable to follow his usual occupation as a result of said injuries.

WHEREFORE, the Plaintiff, TERENCE JERMAN demands judgment against the Defendants, HOME DEPOT U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, in an amount in excess of $50,000.00, (Fifty Thousand Dollars), together with the costs of this suit.

## COUNT II

NOW COMES the Plaintiff, TERENCE JERMAN, by and through his attorneys, REIBMAN, HOFFMAN, BAUM, HIRSCH & O'TOOLE, and complaining of the Defendant, HOME DEPOT U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, states as follows:

1. That on or about October 11, 2005, and for a long time prior and subsequent thereto, the Defendant was a foreign corporation, licensed to do business in the State of Illinois.

2. That on said date, and for a long time prior thereto, subsequent thereto, the Defendant was engaged in the retail sale of merchandise and development of merchandise displays, at its store located at 2920 Audrey Avenue, City of Naperville, County of DuPage, State of Illinois.

3. That on or about the aforesaid date, Home Depot was a Delaware corporation doing business in Cook County, Illinois.

4. That at all times relevant, the Plaintiff was an employee of PMR, Inc.

5. That on or about the aforesaid date, Plaintiff, TERENCE JERMAN, was lawfully on said premises, in the course of his employment as part of a crew that resets stores' shelves and sets up displays.

6. In its capacity, the Defendant used its own agents and servants, as well as certain contractors and subcontractors to perform work on the aforementioned premises.

7. That by reason of the premises, it was the duty of the Defendant to see that its agents

and servants, and any and all subcontractors used in the construction and alteration of said building, including the resetting of the store's shelving units and merchandise displays upon said building, to maintain the aforesaid building, and property, in a reasonable, proper and safe condition for use by persons lawfully upon the same and especially for those persons engaged in working in the building as heretofore described and to properly supervise and instruct the employees to perform safe construction activities and to maintain the premises for the Plaintiff and the other employees of PMR, Inc., in a safe condition.

8. That on or about the aforesaid date, the Plaintiff, was working within said building and by reason of the direct and proximate result of the negligence of the Defendant, in whole or in part, as hereinafter specified, the Plaintiff, TERENCE JERMAN, was caused to suffer severe and permanent injuries, and great bodily pain and suffering as hereinafter said forth.

9. That at said time and place, the Defendants, while engaged in the construction, alteration, resetting, operation, and maintenance of said premises, as heretofore specified, carelessly, negligently and improperly did one or more of the following acts or omissions which were the proximate cause, in whole or in part, of the Plaintiff's injuries as hereinafter set forth:

   a.  Carelessly and negligently failed to provide the Plaintiff with a safe place to work;

   b.  Carelessly and negligently supervised, controlled and improperly instructed the employees and contractors who were working within the aforesaid premises;

   c.  Carelessly and negligently failed to maintain proper safety measures for persons working in and about the said aforementioned property;

   d.  Carelessly and negligently failed to properly monitor, inspect and review control work being performed by agents/servants of subcontractors retained to perform work on said premises;

   e.  Carelessly and negligently directed and improperly instructed workers to install shelving support components contrary to the plan-o-gram, in the area in which the Plaintiff was working, knowing, or in excess of reasonable care and caution should

have known, that said conditions were dangerous to persons working upon said premises, and especially to the plaintiff;

f. Carelessly and negligently directed and improperly instructed workers to install shelving support components according to the plan-o-gram, in the area in which the Plaintiff was working, knowing, or in excess of reasonable care and caution should have known, that said conditions were dangerous to persons working upon said premises, and especially to the plaintiff;

g. Carelessly and negligently failed to take necessary precautions for the safety of persons working upon said premises, and failed to direct safe guards for the protection of said workman;

h. Carelessly and negligently directed the operation, methods and safety of its subcontractors, including the Plaintiff, in a dangerous manner;

i. Carelessly and negligently failed to provide safe and suitable supports for the Plaintiff and other subcontractors that were performing alterations, construction and reset on the Defendant's premises; and

j. Was otherwise careless and negligent in the maintenance of the premises.

10. That by means of the premises and as a proximate result thereof, Plaintiff, TERENCE JERMAN, was injured while performing the aforesaid stated activities, in his head, body, and limbs, both externally and internally, and muscles, ligaments, tissues, nerves and blood vessels in his head, body, and limbs were bruised, lacerated, torn and injured, and he suffered then until now, and he will continue so to suffer in the future; that he has expended and will in the future expend large sums of money for medical expenses in endeavoring to be cured of said injuries; that he has lost large sums of money and will in the future lose large sums of money by reason of being unable to follow his usual occupation as a result of said injuries.

WHEREFORE, the Plaintiff, TERENCE JERMAN demands judgment against the Defendants, HOME DEPOT U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, in an amount in excess of $50,000.00, (Fifty Thousand Dollars), together with the costs of this suit.

## COUNT III

NOW COMES the Plaintiff, THERESA HARSKEY, by and through her attorneys, REIBMAN, HOFFMAN, BAUM, HIRSCH & O'TOOLE, and complaining of the Defendant, HOME DEPOT U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, states as follows:

1-10. Plaintiff, THERESA HARSKEY, realleges paragraphs one (1) through ten (10) of Count I as paragraphs one (1) through ten (10) of Count III as if the same were fully set forth herein.

11-20. Plaintiff, THERESA HARSKEY, realleges paragraphs one (1) through ten (10) of Count II as paragraphs eleven (11) through twenty (20) of Count III as if the same were fully set forth herein.

21. That on said date, the Plaintiff, TERENCE JERMAN, had made and provided a home for THERESA HARSKEY, who was then and there his lawful wife; and the Plaintiff, THERESA HARSKEY, was entitled to his care, services, association, companionship, society and consortium.

22. As a result of the wrongful conduct of the Defendants, the Plaintiff, THERESA HARSKEY, was deprived of the care, services, association, companionship, society and consortium of TERENCE JERMAN, and that she has expended and will expend and has become obligated for large sums of money in having said service performed for her and which had been performed by said TERENCE JERMAN.

WHEREFORE, the Plaintiff, TERENCE JERMAN demands judgment against the Defendant, HOME DEPOT U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, in an amount in excess of $50,000.00, (Fifty Thousand Dollars), together with the costs of this suit.

Respectfully submitted,
REIBMAN, HOFFMAN, BAUM, HIRSCH & O'TOOLE

By: _____
Paul G. O'Toole

REIBMAN, HOFFMAN, BAUM, HIRSCH & O'TOOLE
20 N. Clark St., Suite 1700
Chicago, IL 60602
(312) 372-6367
Atty. Code 90674