IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TERENCE JERMAN and THERESA HARSKEY, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07 C 6517 |
| v. | ) ) | |
| HOME DEPOT U.S.A., INC., a foreign Corporation, d/b/a THE HOME DEPOT | ) ) ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

### Parties

Terence Jerman was citizen of the State of Illinois who was employed by P.M.R., Inc., and working at the Home Depot.

Theresa Harskey was the spouse of Terence Jerman and resident of the State of Illinois.

Home Depot was a corporation doing business in the State of Illinois.

### Statement of Jurisdiction

Plaintiff, Terence Jerman is, and was at all times mentioned, domiciled in and a citizen of the State of Illinois.

Plaintiff, Theresa Harskey is, and was at all times mentioned, domiciled in and a citizen of the State of Illinois.

Defendant, Home Depot U.S.A., Inc. d/b/a The Home Depot is, and was at all times mentioned, domiciled in and a citizen of the State of Delaware.

This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000.00. Every Issue of law and fact is wholly between citizens of different states.

This matter was removed from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, based upon diversity pursuant to 28 USCA § 1332(a); Federal Rule of Civil Procedure 8(a)(1).

### COUNT I

NOW COMES the Plaintiff, TERENCE JERMAN, by and through his attorneys, REIBMAN, HOFFMAN, BAUM, HIRSCH & O'TOOLE, and complaining of the Defendant, HOME DEPOT U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, states as follows:

1. That on or about October 11, 2005, and for a long time prior and subsequent thereto, the Defendant was a foreign corporation, licensed to do business in the State of Illinois.

2. That on said date, and for a long time prior thereto, subsequent thereto, the Defendant was engaged in the retail sale of merchandise and development of merchandise displays, at its store located at 2920 Audrey Avenue, City of Naperville, County of DuPage, State of Illinois.

3. That on or about the aforesaid date, Home Depot was a Delaware corporation doing business in Cook County, Illinois.

4. That at all times relevant, the Plaintiff was an employee of PMR, Inc., who was contracted to reset and alter shelving displays which were both permanent and temporary.

5. That on or about the aforesaid date, Plaintiff, TERENCE JERMAN, was lawfully on said premises, in the course of his employment as part of a crew that resets stores' shelves and sets up displays. Terence Jerman was in the process of resetting and altering a structure in the aforesaid stated premises.

6. In its capacity, the Defendant used its own agents and servants, as well as certain contractors and subcontractors to perform work on the aforementioned premises.

7. That by reason of the premises, it was the duty of the Defendant to see that its agents

and servants, and any and all subcontractors used in the construction and alteration of said building, including the resetting of the store's shelving units and merchandise displays upon said building, to maintain the aforesaid building, and property, in a reasonable, proper and safe condition for use by persons lawfully upon the same and especially for those persons engaged in working in the building as heretofore described and to properly supervise and instruct the employees to perform safe construction activities.

8. That on or about the aforesaid date, the Plaintiff, was working within said building and by reason of the direct and proximate result of the negligence of the Defendant, in whole or in part, as hereinafter specified, the Plaintiff, TERENCE JERMAN, was caused to suffer severe and permanent injuries, and great bodily pain and suffering as hereinafter said forth.

9. That at said time and place, the Defendants, while engaged in the construction, alteration, resetting, operation, and maintenance of said premises, as heretofore specified, carelessly, negligently and improperly did one or more of the following acts or omissions which were the proximate cause, in whole or in part, of the Plaintiff's injuries as hereinafter set forth:

   a. Carelessly and negligently failed to provide the Plaintiff with a safe place to work;

   b. Carelessly and negligently supervised, controlled and improperly instructed the employees and contractors who were working within the aforesaid premises;

   c. Carelessly and negligently failed to maintain proper safety measures for persons working in and about the said aforementioned property;

   d. Carelessly and negligently failed to properly monitor, inspect and review control work being performed by agents/servants of subcontractors retained to perform work on said premises;

   e. Carelessly and negligently directed and improperly instructed workers to install shelving support components contrary to the plan-o-gram, in the area in which the Plaintiff was working, knowing, or in excess of reasonable care and caution should have known, that said conditions were dangerous to persons working upon said premises, and especially to the plaintiff;

  f. Carelessly and negligently directed and improperly instructed workers to install shelving support components according to the plan-o-gram, in the area in which the Plaintiff was working, knowing, or in excess of reasonable care and caution should have known, that said conditions were dangerous to persons working upon said premises, and especially to the plaintiff;

  g. Carelessly and negligently failed to take necessary precautions for the safety of persons working upon said premises, and failed to direct safe guards for the protection of said workman;

  h. Carelessly and negligently directed the operation, methods and safety of its subcontractors, including the Plaintiff, in a dangerous manner;

  i. Carelessly and negligently failed to provide safe and suitable supports for the Plaintiff and other subcontractors that were performing alterations, construction and reset on the Defendant's premises;

  j. Was otherwise careless and negligent in the maintenance of the premises;

  k. Carelessly and negligently failed to provide proper tools and safety equipment;

  l. Was otherwise careless and negligent

  10. That by means of the premises and as a proximate result thereof, Plaintiff, TERENCE JERMAN, was injured while performing the aforesaid stated activities, in his head, body, and limbs, both externally and internally, and muscles, ligaments, tissues, nerves and blood vessels in his head, body, and limbs were bruised, lacerated, torn and injured, and he suffered then until now, and he will continue so to suffer in the future; that he has expended and will in the future expend large sums of money for medical expenses in endeavoring to be cured of said injuries; that he has lost large sums of money and will in the future lose large sums of money by reason of being unable to follow his usual occupation as a result of said injuries.

  WHEREFORE, the Plaintiff, TERENCE JERMAN demands judgment against the Defendants, HOME DEPOT U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, in an amount in excess of $75,000.00, (Seventy-Five Thousand Dollars), together with the costs of this

suit.

## COUNT II

NOW COMES the Plaintiff, TERENCE JERMAN, by and through his attorneys, REIBMAN, HOFFMAN, BAUM, HIRSCH & O'TOOLE, and complaining of the Defendant, HOME DEPOT U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, states as follows:

1. That on or about October 11, 2005, and for a long time prior and subsequent thereto, the Defendant was a foreign corporation, licensed to do business in the State of Illinois.

2. That on said date, and for a long time prior thereto, subsequent thereto, the Defendant was engaged in the retail sale of merchandise and development of merchandise displays, at its store located at 2920 Audrey Avenue, City of Naperville, County of DuPage, State of Illinois.

3. That on or about the aforesaid date, Home Depot was a Delaware corporation doing business in Cook County, Illinois.

4. That at all times relevant, the Plaintiff was an employee of PMR, Inc.

5. That on or about the aforesaid date, Plaintiff, TERENCE JERMAN, was lawfully on said premises, in the course of his employment as part of a crew that resets stores' shelves and sets up displays.

6. In its capacity, the Defendant used its own agents and servants, as well as certain contractors and subcontractors to perform work on the aforementioned premises.

7. That by reason of the premises, it was the duty of the Defendant to see that its agents and servants, and any and all subcontractors used in the construction and alteration of said building, including the resetting of the store's shelving units and merchandise displays upon said building, to maintain the aforesaid building, and property, in a reasonable, proper and safe condition for use by persons lawfully upon the same and especially for those persons engaged in working in the building

as heretofore described and to properly supervise and instruct the employees to perform safe construction activities and to maintain the premises for the Plaintiff and the other employees of PMR, Inc., in a safe condition.

8. That on or about the aforesaid date, the Plaintiff, was working within said building and by reason of the direct and proximate result of the negligence of the Defendant, in whole or in part, as hereinafter specified, the Plaintiff, TERENCE JERMAN, was caused to suffer severe and permanent injuries, and great bodily pain and suffering as hereinafter said forth.

9. That at said time and place, the Defendants, while engaged in the construction, alteration, resetting, operation, and maintenance of said premises, as heretofore specified, carelessly, negligently and improperly did one or more of the following acts or omissions which were the proximate cause, in whole or in part, of the Plaintiff's injuries as hereinafter set forth:

    a. Carelessly and negligently failed to provide the Plaintiff with a safe place to work;

    b. Carelessly and negligently supervised, controlled and improperly instructed the employees and contractors who were working within the aforesaid premises;

    c. Carelessly and negligently failed to maintain proper safety measures for persons working in and about the said aforementioned property;

    d. Carelessly and negligently failed to properly monitor, inspect and review control work being performed by agents/servants of subcontractors retained to perform work on said premises;

    e. Carelessly and negligently directed and improperly instructed workers to install shelving support components contrary to the plan-o-gram, in the area in which the Plaintiff was working, knowing, or in excess of reasonable care and caution should have known, that said conditions were dangerous to persons working upon said premises, and especially to the plaintiff;

    f. Carelessly and negligently directed and improperly instructed workers to install shelving support components according to the plan-o-gram, in the area in which the Plaintiff was working, knowing, or in excess of reasonable care and caution should have known, that said conditions were dangerous to persons working upon said premises, and especially to the plaintiff;

      g.      Carelessly and negligently failed to take necessary precautions for the safety of persons working upon said premises, and failed to direct safe guards for the protection of said workman;

      h.      Carelessly and negligently directed the operation, methods and safety of its subcontractors, including the Plaintiff, in a dangerous manner;

      i.      Carelessly and negligently failed to provide safe and suitable supports for the Plaintiff and other subcontractors that were performing alterations, construction and reset on the Defendant's premises; and

      j.      Was otherwise careless and negligent in the maintenance of the premises.

10.      That by means of the premises and as a proximate result thereof, Plaintiff, TERENCE JERMAN, was injured while performing the aforesaid stated activities, in his head, body, and limbs, both externally and internally, and muscles, ligaments, tissues, nerves and blood vessels in his head, body, and limbs were bruised, lacerated, torn and injured, and he suffered then until now, and he will continue so to suffer in the future; that he has expended and will in the future expend large sums of money for medical expenses in endeavoring to be cured of said injuries; that he has lost large sums of money and will in the future lose large sums of money by reason of being unable to follow his usual occupation as a result of said injuries.

WHEREFORE, the Plaintiff, TERENCE JERMAN demands judgment against the Defendants, HOME DEPOT U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, in an amount in excess of $75,000.00, (Seventy-Five Thousand Dollars), together with the costs of this suit.

## COUNT III

NOW COMES the Plaintiff, THERESA HARSKEY, by and through her attorneys, REIBMAN, HOFFMAN, BAUM, HIRSCH & O'TOOLE, and complaining of the Defendant, HOME DEPOT U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, states as follows:

1-10. Plaintiff, THERESA HARSKEY, realleges paragraphs one (1) through ten (10) of Count I as paragraphs one (1) through ten (10) of Count III as if the same were fully set forth herein.

11-20. Plaintiff, THERESA HARSKEY, realleges paragraphs one (1) through ten (10) of Count II as paragraphs eleven (11) through twenty (20) of Count III as if the same were fully set forth herein.

21. That on said date, the Plaintiff, TERENCE JERMAN, had made and provided a home for THERESA HARSKEY, who was then and there his lawful wife; and the Plaintiff, THERESA HARSKEY, was entitled to his care, services, association, companionship, society and consortium.

22. As a result of the wrongful conduct of the Defendants, the Plaintiff, THERESA HARSKEY, was deprived of the care, services, association, companionship, society and consortium of TERENCE JERMAN, and that she has expended and will expend and has become obligated for large sums of money in having said service performed for her and which had been performed by said TERENCE JERMAN.

WHEREFORE, the Plaintiff, THERESA HARSKEY demands judgment against the Defendant, HOME DEPOT U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, in an amount in excess of $75,000.00, (Seventy-Five Thousand Dollars), together with the costs of this suit.

          Respectfully submitted,
          REIBMAN, HOFFMAN, BAUM, HIRSCH & O'TOOLE


          s/Paul G. O'Toole

Paul G. O'Toole
REIBMAN, HOFFMAN, BAUM, HIRSCH & O'TOOLE
20 N. Clark St., Suite 1700
Chicago, IL 60602
(312) 372-6367
ARDC No.: 6202802