**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| TERENCE JERMAN and THERESA HARSKEY, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07 C 6517 |
| v. | ) ) | Judge Castillo Magistrate Judge Cole |
| HOME DEPOT U.S.A., INC., a foreign Corporation, d/b/a THE HOME DEPOT, | ) ) ) ) | |
| Defendant. | ) | |

## INITIAL STATUS REPORT

**A.    Nature of the Case**

-    **Bases for jurisdiction, nature of the claims and counterclaims.**

The basis for jurisdiction is diversity as the parties are citizens of different states (Plaintiffs of Illinois and Defendant Home Depot U.S.A., Inc. of Delaware and Georgia) and the claims exceed $75,000.00, exclusive of interest and costs.

This action arises out of a personal injury that plaintiff alleges occurred at the Home Depot store located at 2920 Audrey Avenue in Naperville, Illinois, on October 11, 2005. Plaintiff claims that he was employed with PMR, Inc. and was injured during the course of his employment while resetting store shelves and setting up store displays at the subject Home Depot store. Plaintiff Terence Jerman alleges two separate counts of negligence. Plaintiff Theresa Harskey alleges a claim for loss of consortium. The claims are based upon Section 414 of the Restatement (Second) of Torts. Home Depot denies that it acted negligently or that it committed any negligent acts that contributed to or proximately caused Plaintiffs' injuries as alleged in Plaintiffs' Amended Complaint.

-    **Relief sought by plaintiff, including computation of claimed damages, if available.**

The plaintiff is seeking $8 million in damages. Terence Jerman claims that he currently has over $331,024.60 in medical expenses and will not be able to return to work in any capacity. He was earning $604.17 per week, at the time of his injury. Terence Jerman claims to have suffered a career ending back injury that required surgery and subsequently developed RSD. He currently walks only with the aid of a walker and requires a special handicap equipped vehicle. Home Depot denies that Terence Jerman has suffered injury and loss to the extent claimed.

-    **Names of any parties that have not been served.**

All parties currently named in the lawsuit have been served.

\-      **Major legal issues.**

    (1)      Whether Home Depot was negligent and whether any such negligence was a proximate cause of Terence Jerman's alleged injuries.

    (2)      Whether Terence Jerman was contributorily negligent in causing his alleged injuries.

    (3)      Whether Terence Jerman's employer, PMR, Inc., was negligent in causing his alleged injuries.

\-      **Major factual issues.**

    (1)      The exact circumstances surrounding Terence Jerman's injuries, including the involvement of his employer, PMR, Inc.

    (2)      Whether Home Depot committed any of the allegedly negligent acts as alleged in paragraph 9 of Count I of Plaintiffs' Amended Complaint and paragraph 9 of Count II of Plaintiffs' Amended Complaint.

    (3)      Whether the actions of Plaintiff Terence Jerman and/or his employer PMR, Inc., contributed in whole or in part to his alleged injuries.

\-      **Citations to <u>key</u> authorities which will assist the Court in understanding and ruling on the issues.**

Plaintiff directs this Honorable Court to the case of *Jose Aguirre v. Turner Construction* which was decided on September 7, 2007, by the Seventh Circuit Court of Appeals, No. 06-1985.  Plaintiff will provide the Court with a copy of the decision.  Home Depot denies that *Jose Aguirre v. Turner Construction* is applicable to the facts of this case as they are currently known.

**B.      <u>Preparation of Draft Scheduling Order</u>**

\-      **Outline of the scheduling order required by Fed. R. Civ. P. 16(b).**

    (1)      Initial Disclosures per Rule 26(a)(1) and (2) to be made by January 31, 2008;

    (2)      Amendment of pleadings and joinder of parties by June 30, 2008;

    (3)      All fact discovery to be completed by December 31, 2008;

    (4)      Plaintiffs' expert witnesses and their reports shall be disclosed by February 28, 2009, and any depositions of plaintiffs' experts shall take place on or before April 30, 2009;

(5)     Defendant's expert witnesses and their reports shall be disclosed by June 30, 2009, and any depositions of defendant's experts shall take place on or before August 31, 2009;

(6)     All dispositive motions shall be filed by October 31, 2009;

(7)     Final Pre-Trial Conference and Trial Date: TBD by the Court after rulings on all dispositive motions, if necessary.

**C.     Trial Status**

-     **Whether or not a jury has been requested.**

Home Depot has demanded a trial by jury.

-     **Probable length of the trial.**

The current estimated length of trial is eight days.

**D.     Consent to Proceed Before a Magistrate Judge**

The parties do not consent to proceed before a Magistrate at this time.

**E.     Settlement Status**

-     **Whether or not settlement discussions have been held and the status of those discussions, if any.**

The parties have engaged in initial discussions.  However, Home Depot is still investigating the circumstances surrounding Terence Jerman's alleged incident.  Furthermore, in light of Plaintiffs' claim of $8 million, Home Depot feels that further settlement discussions will not be productive at this time.

**Dated:  December 18, 2007**                    Respectfully Submitted,

s/ Paul G. O'Toole_____                    s/ John P. McCorry_____
One of the Attorneys for Plaintiffs              One of the Attorneys for Home Depot U.S.A., Inc.
Paul G. O'Toole (#6202802)                       John P. McCorry (#6280573)
REIBMAN, HOFFMAN, BAUM                           MCVEY & PARSKY, LLC
HIRSCH & O'TOOLE                                 30 N. LaSalle St., Suite 2100
20 N. Clark Street, Suite 1700                   Chicago, IL  60602
Chicago, IL  60602                               Phone: (312) 551-2130
Phone: (312) 372-6367                            Fax:    (312) 551-2131
e-mail: rhbattys@ameritech.net                   e-mail: jpm@mcveyparsky-law.com

3

## <u>CERTIFICATE OF SERVICE</u>

   I, the undersigned, on oath hereby state that on this 18th day of December, 2007, I electronically filed Plaintiffs' and Defendant's ***Initial Status Report*** using the Northern District of Illinois' CM/ECF System, and served the same on the below listed attorney of records via the CM/ECF system:

     Paul G. O'Toole
     Nancy L. Hirsch
     Mark Anthony Heftman
     David M. Baum
     Reibman, Hoffman, Baum Hirsch & O'Toole
     20 N. Clark Street, Suite 1700
     Chicago, IL 60602
     rhbattys@ameritech.net


          s/ John P. McCorry
          John P. McCorry
          Attorney No. 6280573
          Attorney for Defendant, Home Depot U.S.A., Inc.