JPM/CTT                              #39907                              11663

### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TERENCE JERMAN and THERESA HARSKEY, ) ) ) | |
| Plaintiffs, ) ) | Case No. 07 C 6517 |
| v. ) ) | Judge Castillo |
| ) | Magistrate Judge Cole |
| HOME DEPOT U.S.A., INC., a foreign ) Corporation, d/b/a THE HOME DEPOT, ) ) | |
| Defendant ) | |
| _____) | |
| HOME DEPOT U.S.A., INC., a foreign ) Corporation, d/b/a THE HOME DEPOT, ) ) | |
| Defendant/Third Party-Plaintiff, ) ) | |
| v. ) ) | |
| PROFESSIONAL MANUFACTURERS ) REPRESENTATIVES, INC., ) ) | |
| Third Party Defendant. ) | |

**HOME DEPOT U.S.A., INC.'S PROPOSED THIRD PARTY COMPLAINT**

Defendant/Third-Party Plaintiff, HOME DEPOT U.S.A., INC. ("HOME DEPOT") by its attorneys, McVEY & PARSKY, LLC, and complaining of Third Party-Defendant, PROFESSIONAL MANUFACTURERS REPRESENTATIVES, INC. ("PMR"), states as follows:

# Exhibit A

## PARTIES

1.  Defendant/Third-Party Plaintiff HOME DEPOT is incorporated in the State of Delaware and maintains its principle place of business in Atlanta, Georgia.

2.  Third Party-Defendant PMR is an Illinois corporation with its principal place of business in Oswego, Illinois.

3.  Upon information and belief, Plaintiff TERENCE JERMAN ("JERMAN") is a citizen of the State of Illinois and was employed by Third Party-Defendant PMR.

4.  Upon information and belief, Plaintiff THERESA HARSKEY ("HARSKEY") is the spouse of Plaintiff JERMAN and is a citizen of the State of Illinois.

## JURISDICTION AND VENUE

5.  This action is brought under the supplemental jurisdiction of this Court, 28 U.S.C. § 1367 (a), since the claims are so related to the claims within the Court's original jurisdiction that they are a part of the same controversy.

## IN-STORE MERCHANDISING AGREEMENT

6.  On or about June 15, 2005, HOME DEPOT and PMR entered into a written In-Store Merchandising Agreement ("Merchandising Agreement") governing the terms of the business relationship between HOME DEPOT and PMR and pursuant to which PMR provided certain in-store merchandising services, including resetting and altering shelving displays at various HOME DEPOT locations.

7.  The Merchandising Agreement imposes certain terms and conditions on PMR including indemnification and insurance obligations. Specifically, Paragraph 12 of the Merchandising Agreement requires PMR to

> **"indemnify, defend and hold harmless HOME DEPOT * * * against any and all loss, damage, claim, lawsuit, judgment, liability, cost or**

# Exhibit A

> **expense (including attorney's fees and settlement costs) to the extent arising out of, * * * (a) Service Group's [PMR] provision of services, (b) any actual or alleged injury or death to persons * * * caused directly or indirectly, wholly or in part, by Service Group [PMR], its employees, agents, or contractors, * * * (e) any claims resulting, directly or indirectly, from the conduct or actions of Service Group [PMR], its employees, agents or contractors * * *."**

8. Paragraph 13 of the Merchandising Agreement further includes an insurance provision, under which PMR is required to obtain and maintain during the term of the Agreement Commercial General Liability insurance with limits of at least $5,000,000 per occurrence naming HOME DEPOT as an additional insured. Relevantly, Paragraph 13 of the Merchandising Agreement provides:

> **"(a) During the Term, Service Group (PMR) will obtain and maintain at its own expense, all insurance and bonds required by law or this Agreement, including: * * *
>
> (iii) commercial general liability, including contractual liability, products liability and complete operations coverage and comprehensive motor liability insurance, each with limits of at least $5,000,000 combined single limit (CSL) per occurrence;
>
> * * *
>
> (b) * * * All liability policies required pursuant to this Section will name HOME DEPOT as an additional insured. * * *"**

### JERMAN ACTION

9. JERMAN filed an action for damages in the Circuit Court of Cook County, Illinois, under case number 07 L 010696 (the "JERMAN action"). A copy of that pleading is attached hereto as **Exhibit 1**. HOME DEPOT was served with Plaintiffs' complaint on October 18, 2007.

10. On November 16, 2007, HOME DEPOT filed a Notice of Removal in the United States District Court for the Northern District of Illinois, under case number 07 C 6517,

# Exhibit A

removing this matter from the Circuit Court of Cook County. A copy of the Notice of Removal is attached hereto as **Exhibit 2.**

11. On December 13, 2007, Plaintiffs filed an Amended Complaint in this matter. The Amended Complaint arises out of a personal injury that Plaintiff TERENCE JERMAN alleges occurred at the HOME DEPOT store located at 2920 Audrey Avenue in Naperville, Illinois while he was employed by PMR. A copy of the Amended Complaint is attached hereto as **Exhibit 3.** Plaintiff JERMAN alleges two separate counts of negligence against HOME DEPOT. Plaintiff HARSKEY alleges a claim for loss of consortium. The claims are allegedly based upon Section 414 of the Restatement (Second) of Torts.

## **HOME DEPOT'S TENDER**

12. Pursuant to the Merchandising Agreement, on January 11, 2008, HOME DEPOT tendered its defense and indemnity of the Plaintiffs' Amended Complaint to PMR and PMR's insurance carrier, General Casualty Insurance Company ("General Casualty").

13. On or about March 11, 2008, General Casualty denied HOME DEPOT's tender on the basis of its contention that HOME DEPOT does not qualify as an insured under PMR's insurance policy and is not specifically named as an additional insured on PMR's insurance policy.

14. Following the tender, HOME DEPOT corresponded with General Casualty regarding General Casualty's position regarding the tender.

15. To date, General Casualty has refused to provide HOME DEPOT with either a defense or indemnification in this matter.

16. To date, PMR has failed to provide HOME DEPOT with either a defense or indemnification in this matter as required by the Merchandising Agreement.

# Exhibit A

**COUNT I**
**CONTRIBUTION**

1-11.   HOME DEPOT reasserts and realleges Paragraphs 1- 11 in their entirety as Paragraphs 1-11 of Count I as though fully set forth herein.

12.   Plaintiffs have filed a lawsuit against HOME DEPOT alleging that Plaintiff JERMAN sustained serious personal injuries while resetting store shelves and setting up store displays at the subject HOME DEPOT store pursuant to PMR's Merchandising Agreement with HOME DEPOT.

13.   HOME DEPOT has denied all allegations in Plaintiffs' Amended Complaint and has asserted various affirmative defenses.  A copy of that pleading is attached hereto as **Exhibit 4.**

14.   At the time and place of JERMAN'S alleged accident, PMR owed Plaintiffs a duty to properly train, supervise, and direct JERMAN in the performance of his work.

15.   At the time and place of JERMAN'S alleged accident, PMR had a duty to exercise ordinary care for the safety of JERMAN.

16.   Notwithstanding the aforesaid duties, PMR was careless and/or negligent in one or more of the following ways:

(a)   Failed to supervise the activities of its employees, including Plaintiff JERMAN;

(b)   Failed to properly train its employees including Plaintiff JERMAN to reset store shelves and set up store displays;

(c)   Failed to properly direct and instruct its employees including Plaintiff JERMAN to reset store shelves and set up displays;

(d)   Failed to properly direct the operations of its employees including Plaintiff JERMAN; and

(e)   Was otherwise careless and negligent.

# Exhibit A

17. HOME DEPOT denies all liability as alleged by Plaintiffs, but if HOME DEPOT is found liable to Plaintiffs, one or more of the foregoing acts or omissions on the part of PMR contributed in whole or in part to cause the damages allegedly sustained.

18. At all relevant times hereto, there was in full force and effect an act commonly known as the Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01.

19. Pursuant to the Joint Tortfeasor Contribution Act, HOME DEOT has a right of contribution against PMR should HOME DEPOT be found liable to Plaintiffs and be required to pay a sum in excess of its pro rata share of liability.

WHEREFORE, Defendant/Third-Party Plaintiff HOME DEPOT U.S.A., INC. prays that in the event judgment is entered against it and in favor of Plaintiffs in the JERMAN action, a judgment be entered on this Third-Party Complaint in favor of HOME DEPOT and against Third-Party Defendant PROFESSIONAL MANUFACTURERS REPRESENTATIVES, INC. in an amount commensurate with the relative degree of fault attributed to PMR by the trier of fact in this cause.

### COUNT II
### BREACH OF CONTRACT
**(Indemnity)**

1-16. HOME DEPOT reasserts and realleges Paragraphs 1- 16 in their entirety as Paragraphs 1-16 of Count II as though fully set forth herein.

17. PMR has a contractual obligation under the Merchandising Agreement to defend and indemnify HOME DEPOT with respect to the JERMAN action.

18. HOME DEPOT has fulfilled its obligations under the Merchandising Agreement.

19. PMR, without justification, breached its contract with HOME DEPOT by failing to defend and indemnify HOME DEPOT with respect to the JERMAN action.

# Exhibit A


20. As a result of PMR's breach of contract, HOME DEPOT has incurred and continues to incur, damages, including but not limited to, attorney's fees and costs.

WHEREFORE, Defendant/Third-Party Plaintiff HOME DEPOT U.S.A., INC. prays that this Honorable Court enter judgment in favor of HOME DEPOT and against Third-Party Defendant PROFESSIONAL MANUFACTURERS REPRESENTATIVES, INC., for all damages arising from Third-Party Defendant PROFESSIONAL MANUFACTURERS REPRESENTATIVES, INC.'s breach of contract including all attorney's fees and costs incurred in the defense of the JERMAN suit and any judgment entered against HOME DEPOT on the Plaintiffs' Amended Complaint.

### COUNT III
### BREACH OF CONTRACT
**(Insurance)**

1-16. HOME DEPOT reasserts and realleges Paragraphs 1-16 in their entirety as Paragraphs 1-16 of Count III as though fully set forth herein.

17. PMR has a contractual obligation under the Merchandising Agreement to obtain and maintain during the term of the Agreement Commercial General Liability insurance with limits of at least $5,000,000 per occurrence naming HOME DEPOT as an additional insured.

18. HOME DEPOT has fulfilled its obligations under the Merchandising Agreement.

19. HOME DEPOT contests the position of PMR's insurance carrier General Casualty that HOME DEPOT does not qualify as an insured under PMR's policy and is not named as an additional insured under the policy. To date, General Casualty has refused to provide Home Depot with a copy of PMR's insurance policy.

20. Pleading in the alternative, and without prejudice to HOME DEPOT's rights and claims under the General Casualty policy issued to PMR, any failure by PMR to procure the

# Exhibit A

aforesaid insurance for HOME DEPOT constitutes a breach of PMR's contractual duty to procure insurance.

21. As a result of PMR's breach of contract, HOME DEPOT has incurred and continues to incur, damages, including but not limited to, attorney's fees and costs.

WHEREFORE, Defendant/Third-Party Plaintiff HOME DEPOT U.S.A., INC. prays that this Honorable Court enter judgment in favor of HOME DEPOT and against Third-Party Defendant PROFESSIONAL MANUFACTURERS REPRESENTATIVES, INC., for all damages arising from Third-Party Defendant PROFESSIONAL MANUFACTURERS REPRESENTATIVES, INC.'s breach of contract including all attorney's fees and costs incurred in the defense of the JERMAN suit and any judgment entered against HOME DEPOT on the Plaintiffs' Amended Complaint.

**Dated:**                              Respectfully Submitted,

                                        s/_____
                                        One of the Attorneys for Home Depot U.S.A., Inc.
                                        John P. McCorry (#6280573)
                                        MCVEY & PARSKY, LLC
                                        30 N. LaSalle St., Suite 2100
                                        Chicago, IL 60602
                                        Phone: (312) 551-2130
                                        Fax:   (312) 551-2131
                                        e-mail: jpm@mcveyparsky-law.com

# Exhibit A