IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TERENCE JERMAN and THERESA HARSKEY, | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 07 C 6517 |
| v. | ) ) ) |
| HOME DEPOT U.S.A., INC., a foreign Corporation, d/b/a THE HOME DEPOT, | ) ) **JURY DEMAND** ) |
| Defendant. | ) |

### DEFENDANT HOME DEPOT U.S.A., INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

NOW COMES the Defendant, HOME DEPOT U.S.A., INC. ("Home Depot"), by and through its attorneys, McVEY & PARSKY, LLC, and for its Answer and Affirmative Defenses to the Complaint of Plaintiffs Terence Jerman and Theresa Harskey, states as follows:

### COUNT I

1. That on or about October 11, 2005, and for a long time prior and subsequent thereto, the Defendant was a foreign corporation, licensed to do business in the State of Illinois.

**ANSWER:** Home Depot admits the allegations contained in paragraph 1.

2. That on said date, and for a long time prior thereto, subsequent thereto, the Defendant was engaged in the retail sale of merchandise and development of merchandise displays, at its store located at 2920 Audrey Avenue, City of Naperville, County of DuPage, State of Illinois.

**ANSWER:** Home Depot admits only that on October 11, 2005, it operated a home improvement store located at 2920 Audrey Avenue in Naperville, DuPage County, Illinois.

Home Depot denies all remaining allegations, whether express or implied, contained in paragraph 2.

3. That on or about the aforesaid date, Home Depot was a Delaware Corporation doing business in Cook County, Illinois.

**ANSWER:** Home Depot admits the allegations contained in paragraph 3.

4. That at all times relevant, the Plaintiff was an employee of PMR, Inc., who was contracted to reset and alter shelving displays which were both permanent and temporary.

**ANSWER:** Home Depot has insufficient information to either admit or deny the allegations contained in paragraph 4, and therefore denies the same and demands strict proof thereof.

5. That on or about the aforesaid date, Plaintiff, TERENCE JERMAN, was lawfully on said premises, in the course of his employment as part of a crew that resets stores' shelves and sets up displays. Terence Jerman was in the process of resetting and altering a structure in the aforesaid premises.

**ANSWER:** Home Depot has insufficient information to either admit or deny the allegations contained in paragraph 5, and therefore denies the same and demands strict proof thereof.

6. In its capacity, the Defendant used its own agents and servants, as well as certain contractors and subcontractors to perform work on the aforementioned premises.

**ANSWER:** Home Depot has insufficient information to either admit or deny the allegations contained in paragraph 6, and therefore denies the same and demands strict proof thereof.

7. That by reason of the premises, it was the duty of the Defendant to see that its agents and servants, and any and all subcontractors used in the construction and alteration of said building, including the resetting of the store's shelving units and merchandise displays upon said building, to maintain the aforesaid building, and property, in a reasonable, proper and safe condition for use by persons lawfully upon the same and especially for those persons engaged in working in the building as heretofore described and to properly supervise and instruct the employees to perform safe construction activities.

**ANSWER:** Home Depot admits only that certain duties of care are imposed upon Home Depot in connection with the operation of the subject store. Further answering, Home Depot denies that Plaintiff has accurately set forth the duties owed by Home Depot in connection with the operation of the subject store. Further answering, Home Depot denies all remaining allegations, express of implied, contained in paragraph 7.

8. That on or about the aforesaid date, the Plaintiff, was working within said building and by reason of the direct and proximate result of the negligence of the Defendant, in whole or in part, as hereinafter specified, the Plaintiff, TERENCE JERMAN, was caused to suffer severe and permanent injuries, and great bodily pain and suffering as hereinafter said forth.

**ANSWER:** Home Depot denies the allegations contained in paragraph 8.

9. That at said time and place, the Defendants, while engaged in the construction, alteration, resetting, operation, and maintenance of said premises, as heretofore specified, carelessly, negligently and improperly did one or more of the following acts or omissions which were the proximate cause, in whole or in part, of the Plaintiff's injuries as hereinafter set forth:

    a. Carelessly and negligently failed to provide the Plaintiff with a safe place to work;

3

b. Carelessly and negligently supervised, controlled and improperly instructed the employees and contractors who were working within the aforesaid premises;

c. Carelessly and negligently failed to maintain proper safety measures for persons working in and about the said aforementioned property;

d. Carelessly and negligently failed to properly monitor, inspect and review control work being performed by agents/servants of subcontractors retained to perform work on said premises;

e. Carelessly and negligently directed and improperly instructed workers to install shelving support components contrary to the plan-o-gram, in the area in which the Plaintiff was working, knowing, or in excess of reasonable care and caution should have known, that said conditions were dangerous to persons working upon said premises, and especially to the plaintiff;

f. Carelessly and negligently directed and improperly instructed workers to install shelving support components according to the plan-o-gram, in the area in which the Plaintiff was working, knowing, or in excess of reasonable care and caution should have known, that said conditions were dangerous to persons working upon said premises, and especially to the plaintiff;

g. Carelessly and negligently failed to take necessary precautions for the safety of persons working upon said premises, and failed to direct safe guards for the protection of said workman;

h. Carelessly and negligently directed the operations, methods and safety of its subcontractors, including the Plaintiff, in a dangerous manner;

i. Carelessly and negligently failed to provide safe and suitable supports for the Plaintiff and other subcontractors that were performing alterations, construction and reset on the Defendant's premises; and

j. Was otherwise careless and negligent in the maintenance of the premises;

k. Carelessly and negligently failed to provide proper tools and safety equipment;

l. Was otherwise careless and negligent.

**ANSWER:** Home Depot denies the allegations contained in paragraph 9, including all subparts a through l.

10.     That by means of the premises and as a proximate result thereof, Plaintiff, TERENCE JERMAN, was injured while performing the aforesaid stated activities, in his head, body, and limbs, both externally and internally, and muscles, ligaments, tissues, nerves and blood vessels in his head, body and limbs were bruised, lacerated, torn and injured, and he suffered then until now, and he will continue so to suffer in the future; that he has expended and will in the future expend large sums of money for medical expenses in endeavoring to be cured of said injuries; that he has lost large sums of money and will in the future lose large sums of money by reason of being unable to follow his usual occupation as a result of said injuries.

**ANSWER:**   Home Depot denies the allegations contained in paragraph 10.

WHEREFORE, the Defendant, HOME DEPOT U.S.A., INC., denies that Plaintiffs, TERENCE JERMAN, is entitled to any judgment whatsoever, and asks this court to dismiss plaintiff's complaint with prejudice.

## COUNT II

1.     That on or about October 11, 2005, and for a long time prior and subsequent thereto, the Defendant was a foreign corporation, licensed to do business in the State of Illinois.

**ANSWER:**   Home Depot admits the allegations contained in paragraph 1.

2.     That on said date, and for a long time prior thereto, subsequent thereto, the Defendant was engaged in the retail sale of merchandise and development of merchandise displays, at its store located at 2920 Audrey Avenue, City of Naperville, County of DuPage, State of Illinois.

**ANSWER:**   Home Depot admits only that on October 11, 2005, it operated a home improvement store located at 2920 Audrey Avenue in Naperville, DuPage County, Illinois.

Home Depot denies all remaining allegations, whether express or implied, contained in paragraph 2.

3. That on or about the aforesaid date, Home Depot was a Delaware Corporation doing business in Cook County, Illinois.

**ANSWER:** Home Depot admits the allegations contained in paragraph 3.

4. That at all times relevant, the Plaintiff was an employee of PMR, Inc.

**ANSWER:** Home Depot has insufficient information to either admit or deny the allegations contained in paragraph 4, and therefore denies the same and demands strict proof thereof.

5. That on or about the aforesaid date, Plaintiff, TERENCE JERMAN, was lawfully on said premises, in the course of his employment as part of a crew that resets stores' shelves and sets up displays.

**ANSWER:** Home Depot has insufficient information to either admit or deny the allegations contained in paragraph 5, and therefore denies the same and demands strict proof thereof.

6. In its capacity, the Defendant used its own agents and servants, as well as certain contractors and subcontractors to perform work on the aforementioned premises.

**ANSWER:** Home Depot has insufficient information to either admit or deny the allegations contained in paragraph 6, and therefore denies the same and demands strict proof thereof.

7. That by reason of the premises, it was the duty of the Defendant to see that its agents and servants, and any and all subcontractors used in the construction and alteration of said building, including the resetting of the store's shelving units and merchandise displays upon said

6

building, to maintain the aforesaid building, and property, in a reasonable, proper and safe condition for use by persons lawfully upon the same and especially for those persons engaged in working in the building as heretofore described and to properly supervise and instruct the employees to perform safe construction activities and to maintain the premises for the Plaintiff and other employees of PMR, Inc., in a safe condition.

**ANSWER:** Home Depot admits only that certain duties of care are imposed upon Home Depot in connection with the operation of the subject store. Further answering, Home Depot denies that Plaintiff has accurately set forth the duties owed by Home Depot in connection with the operation of the subject store. Further answering, Home Depot denies all remaining allegations, express of implied, contained in paragraph 7.

8. That on or about the aforesaid date, the Plaintiff, was working within said building and by reason of the direct and proximate result of the negligence of the Defendant, in whole or in part, as hereinafter specified, the Plaintiff, TERENCE JERMAN, was caused to suffer severe and permanent injuries, and great bodily pain and suffering as hereinafter said forth.

**ANSWER:** Home Depot denies the allegations contained in paragraph 8.

9. That at said time and place, the Defendants, while engaged in the construction, alteration, resetting, operation, and maintenance of said premises, as heretofore specified, carelessly, negligently and improperly did one or more of the following acts or omissions which were the proximate cause, in whole or in part, of the Plaintiff's injuries as hereinafter set forth:

    a. Carelessly and negligently failed to provide the Plaintiff with a safe place to work;

    b. Carelessly and negligently supervised, controlled and improperly instructed the employees and contractors who were working within the aforesaid premises;

7

c. Carelessly and negligently failed to maintain proper safety measures for persons working in and about the said aforementioned property;

d. Carelessly and negligently failed to properly monitor, inspect and review control work being performed by agents/servants of subcontractors retained to perform work on said premises;

e. Carelessly and negligently directed and improperly instructed workers to install shelving support components contrary to the plan-o-gram, in the area in which the Plaintiff was working, knowing, or in excess of reasonable care and caution should have known, that said conditions were dangerous to persons working upon said premises, and especially to the plaintiff;

f. Carelessly and negligently directed and improperly instructed workers to install shelving support components according to the plan-o-gram, in the area in which the Plaintiff was working, knowing, or in excess of reasonable care and caution should have known, that said conditions were dangerous to persons working upon said premises, and especially to the plaintiff;

g. Carelessly and negligently failed to take necessary precautions for the safety of persons working upon said premises, and failed to direct safe guards for the protection of said workman;

h. Carelessly and negligently directed the operations, methods and safety of its subcontractors, including the Plaintiff, in a dangerous manner;

i. Carelessly and negligently failed to provide safe and suitable supports for the Plaintiff and other subcontractors that were performing alterations, construction and reset on the Defendant's premises; and

j. Was otherwise careless and negligent in the maintenance of the premises;

**ANSWER:** Home Depot denies the allegations contained in paragraph 9, including all subparts a through j.

10. That by means of the premises and as a proximate result thereof, Plaintiff, TERENCE JERMAN, was injured while performing the aforesaid stated activities, in his head, body, and limbs, both externally and internally, and muscles, ligaments, tissues, nerves and blood vessels in his head, body and limbs were bruised, lacerated, torn and injured, and he suffered then until now, and he will continue so to suffer in the future; that he has expended and

will in the future expend large sums of money for medical expenses in endeavoring to be cured of said injuries; that he has lost large sums of money and will in the future lose large sums of money by reason of being unable to follow his usual occupation as a result of said injuries.

**ANSWER:** Home Depot denies the allegations contained in paragraph 10.

WHEREFORE, the Defendant, HOME DEPOT U.S.A., INC., denies that Plaintiffs, TERENCE JERMAN, is entitled to any judgment whatsoever, and asks this court to dismiss plaintiff's complaint with prejudice.

### COUNT III

1-10. Plaintiff, THERESA HARSKEY, realleges paragraphs one (1) through ten (10) of Count I as paragraphs one (1) through ten (10) of Count III as if the same were fully set forth herein.

**ANSWER:** Home Depot realleges its answers to paragraphs one (1) through ten (10) of Count I as its answers to paragraphs one (1) through ten (10) of Count III as if the same were fully set forth herein.

11-20. Plaintiff, THERESA HARSKEY, realleges paragraphs one (1) through ten (10) of Count II as paragraphs eleven (11) through twenty (20) of Count III as if the same were fully set forth herein.

**ANSWER:** Home Depot realleges its answers to paragraphs one (1) through ten (10) of Count II as its answers to paragraphs eleven (11) through twenty (20) of Count III as if the same were fully set forth herein.

21.  That on said date, the Plaintiff, TERENCE JERMAN, had made and provided a home for THERESA HARSKEY, who was then and there his lawful wife; and the Plaintiff,

THERESA HARSKEY, was entitled to his care, services, association, companionship, society and consortium.

**ANSWER:** Home Depot has insufficient information to either admit or deny the allegations contained in paragraph 21, and therefore denies the same and demands strict proof thereof.

22.   As a result of the wrongful conduct of the Defendants, the Plaintiff, THERESA HARSKEY, was deprived of the care, services, association, companionship, society and consortium of TERENCE JERMAN, and that she has expended and will expend and has become obligated for large sums of money in having said service performed for her and which had been performed by said TERENCE JERMAN.

**ANSWER:** Home Depot denies the allegations contained in paragraph 22.

WHEREFORE, the Defendant, HOME DEPOT U.S.A., INC., denies that Plaintiffs, TERENCE JERMAN and THERESA HARSKEY, are entitled to any judgment whatsoever, and asks this court to dismiss plaintiff's complaint with prejudice.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, HOME DEPOT U.S.A., INC. ("Home Depot") by and through its attorneys, McVEY & PARSKY, LLC, and without prejudice to previous denials or other statements in its pleadings, and pleading in the alternative, states the following Affirmative Defenses:

### First Affirmative Defense

1.   The Complaint of Plaintiffs TERENCE JERMAN and THERESA HARSKEY fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

1. Count II of the Complaint of Plaintiffs TERENCE JERMAN and THERESA HARSKEY is duplicative of Count I and therefore should be stricken.

2. Similarly, paragraphs 11 through 20 of Count III of the Complaint of Plaintiffs TERENCE JERMAN and THERESA HARSKEY are duplicative of paragraphs 1 through 10 of Count III and therefore should be stricken.

## Third Affirmative Defense

1. The alleged injuries of Plaintiff TERENCE JERMAN were caused, in whole or in part, by plaintiff's own contributory negligence in performing his duties for PMR, Inc.

2. Plaintiff had the duty to exercise reasonable care and diligence in performing his duties for PMR, Inc.

3. Plaintiff breached said duty.

4. Plaintiff's contributory negligence was a proximate cause, and indeed the sole proximate cause of his alleged injuries.

5. Pleading in the alternative and without waiving any answers or denials herein, Home Depot states that any judgment entered against it on behalf of or in favor of Plaintiffs TERENCE JERMAN and THERESA HARSKEY shall be reduced by the percentage of contributory fault attributable to TERENCE JERMAN in proximately causing his alleged injuries, and if that percentage of TERENCE JERMAN's contributory fault is found by the trier of fact to be greater than 50% of the proximate cause of Plaintiff's alleged injury, Plaintiffs TERENCE JERMAN and THERESA HARSKEY's claim against Home Depot shall be barred in accordance with 735 ILCS § 5/2-1116.

### Fourth Affirmative Defense

1. Plaintiff's alleged injuries were caused in whole or in part by the acts or omissions of one or more third parties not under the control of Home Depot.

### JURY DEMAND

Defendant HOME DEPOT U.S.A., INC. hereby demands a trial by jury on all issues, pursuant to Federal Rules of Civil Procedure 38 and 81(c).

        Respectfully Submitted,

        HOME DEPOT U.S.A., INC.

        s/ John P. McCorry
        John P. McCorry
        Attorney No. 6280573
        Attorney for Defendant, Home Depot

Mark E. Parsky
Paul V. Kaulas
Edward F. McGinnis
John P. McCorry
McVey & Parsky, LLC
30 N. LaSalle St., Suite 2100
Chicago, IL 60602
Phone: (312) 551-2130
Fax: (312) 551-2131
Email: jpm@mcveyparsky-law.com