### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TERENCE JERMAN and THERESA ) <br> HARSKEY, ) <br> ) <br>                   Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HOME DEPOT U.S.A., INC., a foreign ) <br> Corporation, d/b/a THE HOME DEPOT ) <br> ) <br>                   Defendant. ) | Case No.  07 C 6517 |

### NOTICE OF MOTION

TO:    John P. McCorry
          McVEY & PARSKY, LLC.
          30 N. LaSalle Street
          Suite 2100
          Chicago, IL 60602

On  **July 1, 2008**, at  **9:45 a.m.**  , or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Ruben Castillo in Courtroom 2141, or in the Courtroom usually occupied by him in the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, IL  and present *Terence Jerman and Theresa Harskey's Motion to Compel and or Bar.*

                                    **REIBMAN, HOFFMAN, BAUM, HIRSCH & O'TOOLE**

                                  s/Paul G. O'Toole, Esq.


Paul G. O'Toole, Esq.
**REIBMAN, HOFFMAN, BAUM, HIRSCH & O'TOOLE**
20 N. Clark Street
Suite 1700
Chicago, IL 60602
(312) 372-6367
  Attorney No.: 6202802

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of June, 2008, I electronically filed Plaintiff ***Terence Jerman and Theresa Harskey's Motion to Compel and or Bar*** with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing:

John P. McCorry
McVEY & PARSKY, LLC.
30 N. LaSalle Street
Suite 2100
Chicago, IL 60602

                                                                                                                           s/Paul G. O'Toole, Esq.
                                                                                                                           Paul G. O'Toole, Esq.
                                                                                                                            Attorney No.: 6202802
                                                                                                                            Attorney for Jerman & Harskey

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TERENCE JERMAN and THERESA HARSKEY, ) ) ) | |
| Plaintiffs, ) | Case No.  07 C 6517 |
| ) v. ) ) | |
| HOME DEPOT U.S.A., INC., a foreign ) Corporation, d/b/a THE HOME DEPOT ) ) Defendant. ) | |

### PLAINTIFF'S MOTION TO COMPEL AND OR BAR

NOW COME the Plaintiff, Terence Jerman, by and through his attorneys, Reibman Hoffman, Baum, Hirsch & O'Toole, and respectfully moves this Honorable Court to enter an Order compelling the Defendant, Home Depot, Inc., to properly answer Written Discovery or in the alternative, to bar the Defendant, Home Depot, Inc., from presenting any witnesses or evidence at Trial.

1. This is a negligence case, where the Plaintiff was injured and will remain wheelchair bound. The accident occurred on October 11, 2205 at The Home Depot. The Plaintiff initially filed this lawsuit in State Court and was removed by the Defendant, Home Depot, Inc. to Federal Court.

2. Plaintiff filed Discovery to the Defendant on April 7, 2008. The Defendant requested an extension for any responses until June 13, 2008. Those were not received in Plaintiff's office until June 16, 2008.

3. As of today's date, Home Depot, Inc. has not identified one individual who will testify on their behalf at this Trail.

4. Defendant's initial FRCP 26 disclosure identified absolutely nobody that will testify on their behalf.

5. The Plaintiff served a total of 29 Interrogatories on the Defendant.

6. In their response, the Defendant identifies absolutely nobody from Home Depot, Inc. that

had any knowledge of the incident, the circumstances, the contracts or the work involved.

7.  In fact, Home Depot, Inc., objected to 15 of the 29 Interrogatories that the Plaintiff served *(See Attached)*  Home Depot, also objected to 18 of the 26 Request for Production that were served upon them *(See Attached)*.

8.  After this incident, individuals congregated around the Plaintiff and took information to complete an incident report.

9.  Upon information and belief individuals from Home Depot, Inc. that were on this job site at the time of the occurrence.  It is believed that one of the individuals that took down the information was a Home Depot, Inc. employee.  Defendant has failed to disclose the incident report or the individuals who prepared it.  Plaintiff believes this to be in existence.

10.  Further, a surveillance system is set up at the Home Depot store where this matter took place.  Attached are copies of photographs that exemplify that video surveillance cameras were in position where the accident occurred.  Defendant articulates in it's responses to Plaintiff's Notice to Produce, the video surveillance did not capture this incident.  Plaintiff believes a video may exist and will surface after all deposition testimony has been locked in and without the ability for witnesses to refresh their memory by using that video tape.

11.  Defendant not only delayed in its responses to Interrogatories and Notice to Produce, but offered no information in its responses and as of today's date, has failed to identify one single person from Home Depot that will testify regarding any of the circumstances including the contracts, investigations and or surrounding circumstances.

12.  Plaintiff's attorney has had numerous conversations with Counsel for Defendant trying to resolve this issue.  Pursuant to LR37.2 Plaintiff's counsel has had a conversation on May 28th.  As well as a telephone conference on  June 16th and June 19th, 2008, all to no avail. *(See alos LR37.2 letter dated May 28, 2008)Attached)*

13.     Plaintiff is consistently met with stonewalling. This is an easy issue for this Court to resolve. As of today's date, the Defendant has failed to offer a single witness or documents or video, that they are going to base their defense on. Apparently the Defendant doesn't intend to call any witnesses. The Plaintiff requests that the court bar the Defendant from calling any witnesses, utilizing any video that has not been produce and/or any document which the Defendant has failed to produce.

WHEREFORE, the Plaintiff, Terence Jerman, respectfully requests that this Honorable Court enter an order barring the Defendant from calling any witnesses at Trial, introducing into evidence any documents that they have not produces and barring the use of any video and/or photographs of the occurrence of the Plaintiff which the Defendant has yet to disclose. In the alternative, Plaintiff requests this Honorable Court to Strike Defendant, Home Depot, Inc's, objections to written discovery and order Defendant to answer the same within the next seven (7) days.

Respectfully submitted,

**REIBMAN, HOFFMAN, BAUM, HIRSCH & O'TOOLE**

s/Paul G. O'Toole, Esq.

Paul G. O'Toole, Esq.
**REIBMAN, HOFFMAN, BAUM, HIRSCH & O'TOOLE**
20 N. Clark Street
Suite 1700
Chicago, IL 60602
(312) 372-6367
Attorney No.: 6202802