IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TERENCE JERMAN and THERESA HARSKEY, | )<br>)<br>) |
| Plaintiffs, | )  Case No. 07 C 6517<br>) |
| v. | )  Judge Castillo<br>)  Magistrate Judge Cole |
| HOME DEPOT U.S.A., INC., a foreign Corporation, d/b/a THE HOME DEPOT, | )<br>)<br>) |
| Defendant. | ) |

### DEFENDANT'S ANSWERS TO PLAINTIFF
### TERENCE JERMAN'S INTERROGATORIES

NOW COMES Defendant, HOME DEPOT USA, INC. ("Home Depot"), by and through its attorneys, McVEY & PARSKY, LLC., and for its Answers to the Interrogatories of Plaintiff, Terence Jerman's Interrogatories, states as follows:

1. State the name of the defendant answering and, if different, give the full name and address of the individual signing the answers.

**ANSWER**: Aubrey C. Workman, Paralegal for Home Depot U.S.A., Inc., with the assistance and advice of counsel and the assistance of employees and representatives of Home Depot U.S.A., Inc., upon which he relied.

2. Did the Defendant(s) enter into any written contracts with any person, firm or corporation for any of the work in progress at the place plaintiff was injured.

**ANSWER**: Home Depot objects to this interrogatory on the grounds that the phrase "work in progress" in vague and ambiguous. Without waiving said objection, Home Depot had entered into a contract with plaintiff's employer, Professional Manufacturers Representatives, Inc. ("PMR"), for reset and merchandising work at various Home Depot stores, including the store where plaintiff claims the incident occurred.

3. If the Answer to No. 2 is affirmative, please attach copies of all contracts.

  a. Which defendant(s) entered into the contract or contracts;

  b. The names and addresses of all parties with whom the defendants entered into any contracts;

  c. The date or dates of all these contracts; and

  d. The names and official capacity of all persons who signed these contracts.

**ANSWER**: Home Depot objects to this interrogatory on the grounds that plaintiff's request to attach a copy of any contracts is more properly made in plaintiff's request for production of documents. Home Depot further objects in that this request seeks documents that are confidential and proprietary. Without waiving said objections, Home Depot previously produced a copy of the contract between Home Depot and PMR as part of its Rule 26 initial disclosures. The information requested in subparts c. and d. is contained within the contract.

  4. State the names and last known addresses of all persons known to the defendant, their attorneys, or agents who have inspected the scene of the occurrence in question after plaintiff was injured.

**ANSWER**: Home Depot objects to this interrogatory on the grounds that it is overbroad as to time. Without waiving said objection, upon information and belief, Home Depot's first notice of Plaintiff's alleged incident was by lawsuit.

  5. State the name, the address and phone number of the individual defendant engaged, employed, and assigned to supervise the work progress.

**ANSWER**: Home Depot objects to this interrogatory on the grounds that it is vague and ambiguous. Without waiving said objections, PMR was required pursuant to its contact with Home Depot to supervise the work of its employees, including plaintiff. See Contract, Section 6(a); Exhibit A, page 2 (Introduction).

  6. Did the defendant employ or engage any person, firm or corporation to supervise or coordinate the work in question?

**ANSWER**: See Home Depot's answer to interrogatory number 5.

  7. Did defendant prescribe any safety rules to be followed by the contractors, subcontractors, and the employees engaged in the work in question.

2

**ANSWER**: Home Depot objects to this interrogatory on the grounds that it is vague and ambiguous and overly broad. Without waiving said objections, parts of the contract between Home Depot and PMR contained guidelines regarding safe work practices. See Contract, Exhibit A, page 9; Exhibit I. However, PMR was required to make sure that its employees received safety training prior to providing services on Home Depot Property. See Contract, Exhibit A, page 2 (Qualified Personnel).

8. If the answer to Interrogatory No. 7 is in the affirmative, state:

a. List each safety rule; and

b. If the safety rules were printed or submitted to such contractors; or, subcontractors in writing, attach a list or all lists of such safety rules.

**ANSWER**: See Home Depot's answer to interrogatory number 7.

9. Identify each contractor engaged in the work in question and designate which of these contractors was in general, which was the prime contractor, and which were subcontractors.

**ANSWER**: PMR was the only contractor engaged in the in-store merchandising work taking place at the subject store on the date of plaintiff's alleged incident.

10. State the name and address of all persons known by the Defendant, their agents, or attorneys to have been present at the scene of the occurrence at the time plaintiff was injured or immediately after, and state which of those persons listed are known by the defendant to have or to claim to have witnessed the occurrence in question.

**ANSWER**: Home Depot objects to this interrogatory on the grounds that it is vague, ambiguous and overly broad as to time. Plaintiffs do not allege in their complaint what time the incident occurred and have provided no information regarding the time of the alleged occurrence. Therefore, Home Depot has insufficient information to answer this interrogatory in its current form.

11. Were any written reports made or filed with the defendant by any person, firm or corporation relating to the occurrence in question? If so, please attach any reports.

3

**ANSWER**: Home Depot objects to this interrogatory on the grounds that it is vague, ambiguous and overly broad. Without waiving said objection, none.

12. Were any blueprints, plans or diagrams made for project upon which plaintiff was working at the time of the injury? If so, please attach a copy of the aforementioned.

**ANSWER**: Objection. This request seeks documents that are confidential and proprietary. Without waiving said objection, the display project at issue may have utilized a diagram known as a "planogram," which is typically prepared by a vendor of a product made part of the display. Store displays are so routinely modified that it is impractical to maintain archaic versions of associated planograms. As such, whatever planogram might have been utilized for the project at issue is no longer in the possession of Home Depot.

Respectfully Submitted,

*/s/ John P. McCorry*
John P. McCorry (#6280573)
Attorney for Home Depot U.S.A., Inc.
MCVEY & PARSKY, LLC
30 N. LaSalle St., Suite 2100
Chicago, IL 60602
Phone: (312) 551-2130
Fax:   (312) 551-2131
e-mail: jpm@mcveyparsky-law.com

4