IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TERENCE JERMAN and THERESA HARSKEY, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07 C 6517 |
| v. | ) ) ) | Judge Castillo<br>Magistrate Judge Cole |
| HOME DEPOT U.S.A., INC., a foreign Corporation, d/b/a THE HOME DEPOT, | ) ) ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWERS TO PLAINTIFF THERESA HARSKEY'S INTERROGATORIES

NOW COMES Defendant, HOME DEPOT USA, INC., by and through its attorneys, McVEY & PARSKY, LLC., and for its Answers to the Interrogatories of Plaintiff, Theresa Harskey's Interrogatories, states as follows:

1. State the name of the defendant answering and, if different, give the full name and address of the individual signing the answers.

**ANSWER:** Aubrey C. Workman, Paralegal for Home Depot U.S.A., Inc., with the assistance and advice of counsel and the assistance of employees and representatives of Home Depot U.S.A., Inc., upon which he relied.

2. Were you named or covered under any policy or policies of liability insurance effective on the date of the occurrence? If the answer is affirmative, state:

    a. The name of each insurance company, the policy number, the effective period, and the liability limits for each person killed or injured and the aggregate for each occurrence;
    b. Whether each policy provides primary or excess coverage;
    c. The owner of each policy; and the person having possession of each policy.

**ANSWER:** Please see Home Depot's Rule 26 initial disclosures.

3. Do you have any information tending to indicate:

a. That any plaintiff was, within the five years immediately prior to the occurrence, confined in a hospital, treated by a physician, or x-rayed for any reason other than personal injury? If so, state each plaintiff involved, and give the name and address of each such hospital, physician, technician, or clinic, the approximate date of the confinement or service, and state, in general the reason for such confinement or service;

b. That any plaintiff had suffered serious personal injury prior to the date of said occurrence? If so, state each plaintiff involved, and state when, where and in.

c. That any plaintiff has suffered either any personal injury or serious illness since the date of the occurrence? If so, state how each plaintiff was involved and state, when, where, and in general, how he was injured, and describe, and in general, the injuries suffered; and in the case of an illness, state date or dates of the illness and describe in general term the illness.

d. That any plaintiff has ever filed any other suit for personal injuries. If so, state each plaintiff involved and the court in which the suit was filed, the year filed, and the title and docket number of the case.

**ANSWER:** a. Home Depot has no information indicating that plaintiff was so confined, treated or x-rayed. Investigation continues.

b. According to plaintiff's workers compensation file from his employer, PMR, plaintiff was injured on November 24, 2004, when a steel beam he was placing slipped and trapped his left hand against a wall. Additionally, plaintiff was injured on February 1, 2005, when he fell through wood slats while placing beams, spraining his right ankle.

c. According to plaintiff's medical records produced as part of his Rule 26 initial disclosures, plaintiff was admitted to Edwards Hospital on November 27, 2006, and diagnosed with pneumonia. Additionally, plaintiff was rear-ended on Butterfield Road and Myers Road on June 23, 2006. He was diagnosed with minor whiplash injury.

d. Home Depot has no information at this time. Investigation continues.

4. List the names and addresses of all other persons who have knowledge of the facts of the occurrence or of the injuries and damages claimed by plaintiff.

2

**ANSWER**: Those individuals identified by name in plaintiff's Rule 26 initial disclosures. Investigation continues.

5. Please state the name, address, telephone number and title of the individual or individuals who were responsible for managing, monitoring and operating the video surveillance system that was in place at the Home Depot on the date of the Plaintiff's occurrence.

**ANSWER**: Home Depot objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of relevant evidence. Home Depot further objects to the extent that Plaintiff seeks information that is confidential and proprietary. Without waiving said objections, Home Depot states that the Plaintiff's alleged incident was not captured on surveillance video, and could not have been captured on video since there was no operable video camera in the area at the time.

6. Please state the name of the manufacturer, installer and maintainer of the video surveillance system that was operating at the date and time of Plaintiff's occurrence.

**ANSWER**: Home Depot objects to this interrogatory on the grounds that it is vague and ambiguous and not reasonably calculated to lead to the discovery of relevant evidence. Home depot further objects to the extent that Plaintiff seeks information that is confidential and proprietary. Without waiving said objections, see Home Depot's response to Interrogatory No. 5, above.

7. Please identify whether or not the Defendant, Home Depot had a maintenance program for any and all video surveillance and/or DVD surveillance that was taken at its Home Depot store. If the answer is in the affirmative, please attach a copy of the video surveillance destruction and/or maintenance program.

**ANSWER**: Home Depot objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of relevant evidence. Home Depot further objects to this request as vague and ambiguous and overly broad in time, and seeking information that is highly confidential and proprietary. Home Depot also objects in that while there were video recording devices operating at the store in question at the time of Plaintiff's alleged incident, the incident was not captured on surveillance video, and could not have been captured on video, since there was no operable video camera in the area at the time. Therefore, the details about Home Depot's surveillance video retention

3