policy are irrelevant. Subject to and without waiving the foregoing objections, and in the spirit of cooperation, Home Depot states that its video retention system at the time was limited to the storage capacity of the surveillance equipment in relation to the quantity of cameras recording, which varied store by store. As a result, standard video retention ranged between 30 and 60 days before it was overwritten with new video.

8. Please provide the name, address and telephone number of the individual who was and is responsible for the implementing that program.

**ANSWER**: Home Depot objects to this interrogatory on the grounds that it is vague and ambiguous and not reasonably calculated to lead to the discovery of relevant evidence. Home depot further objects to the extent that Plaintiff seeks information that is confidential and proprietary. Without waiving said objections, see Home Depot's response to Interrogatory Nos. 5 and 7, above.

9. Please identify any individual that was responsible for the investigation of this occurrence, including but not limited to general inquiries into the cause of Plaintiff's occurrence and/or nature and extent of his injuries. Please also attach copies of documents that were filed out in response to any inquiry, investigation, query into how the Plaintiff's occurrence happened and/or the nature and extent of his injuries.

**ANSWER**: Home Depot objects to this interrogatory on the grounds that it is vague, ambiguous and overly broad. Home Depot further objects on the grounds that the request to attach documents is improper for an interrogatory and more properly made in a request for production of documents. Home Depot also objects to the extent that Plaintiff seeks documents that are protected by the attorney-client privilege and/or the work-product doctrine. Without waiving said objections, upon information and belief, Home Depot's first notice of Plaintiff's alleged incident was by Plaintiff's lawsuit.

10. Please identify the name, address, telephone number, last known address, social security number and current employer, as well as title of employment who was present at the store within three hours prior to the Plaintiff's occurrence, at the time of Plaintiff's occurrence or three hours subsequent to Plaintiff's occurrence.

**ANSWER**: Home Depot objects to this interrogatory on the grounds that it is vague, ambiguous and overly broad as to time. Plaintiffs do not allege in their complaint what time the incident occurred and have provided no information regarding the time of the alleged occurrence. Therefore, Home Depot has insufficient information to answer this

interrogatory in its current form. Home Depot further objects in that Plaintiff seeks information that would violate the privacy rights of individuals who are not a party to this litigation.

11. Did the video surveillance system that was in place at the time of the Plaintiff's occurrence, capture the occurrence, and/or any of the events leading up to and/or following the occurrence. If you answer is in the affirmative, please identify the location of the photographs/videos and/or DVDs and provide copies of the same. If in the alternative thee aforesaid stated evidence was not maintained, please identify who made the decision to discard any/or destroy said materials, how long was said materials saved and why said materials were discarded and/or destroyed.

**ANSWER**: No.

12. Please identify the name, address and telephone number of each witness the Defendant will call at Trial.

**ANSWER**: Home Depot has not yet identified those witnesses that it will call at trial, as discovery is ongoing and no trial date has been set. Home Depot will disclose its witnesses as required by Court order.

          Respectfully Submitted,

          */s/ John P. McCorry*
          John P. McCorry (#6280573)
          Attorney for Home Depot U.S.A., Inc.
          McVey & Parsky, LLC
          30 N. LaSalle St., Suite 2100
          Chicago, IL 60602
          Phone: (312) 551-2130
          Fax: (312) 551-2131
          e-mail: jpm@mcveyparsky-law.com

5