**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| TERENCE JERMAN and THERESA HARSKEY, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07 C 6517 |
| v. | ) ) ) | Judge Castillo Magistrate Judge Cole |
| HOME DEPOT U.S.A., INC., a foreign Corporation, d/b/a THE HOME DEPOT, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWERS TO PLAINTIFFS'
TERENCE JERMAN AND THERESA HARSKEY'S
REQUESTS TO PRODUCE**

NOW COMES Defendant, HOME DEPOT USA, INC., by and through its

attorneys, McVEY & PARSKY, LLC., and for its responses to the Requests to Produce

states as follows:

1.    Any statement given by a party to some person or entity other than his attorney or insurer (to be produced by the person or entity to whom it was given or transferred).

**RESPONSE**: Other than any statements that may be contained in plaintiff's medical records, none.

2.    The statement of any other witness, except parties to this action, non treating experts, or other participants who may yet be sued because of this occurrence alleged.

**RESPONSE**: None at this time.

3.    All photographs of the scene of the occurrence, including progress photographs, if any.

**RESPONSE**: None other than photographs taken by plaintiff purportedly depicting area where the alleged accident occurred.

4.　　All photographs, slides, or motion pictures taken prior and subsequent to the alleged occurrence of Plaintiff and the scaffold, device, or the object involved in the alleged occurrence or the scene of the occurrence.

**RESPONSE**: Home Depot objects to this request on the grounds that it is overly broad as to time. Home Depot further responds on the grounds that the request is vague and ambiguous since Plaintiff does not state what "object" was involve in the alleged occurrence. Without waiving said objections, none other than photographs taken by plaintiff purportedly depicting area where the alleged accident occurred.

5.　　All data as to the physical or mental condition of the Plaintiff prior and subsequent to the alleged occurrence, including inter alia, injuries sustained in other accident.

**RESPONSE**: Home Depot objects to the request on the grounds that it seeks information prepared in anticipation of litigation. Subject to this objection, Home Depot states that on 2/1/05, it was reported to Home Depot that a vendor by the name of Terry Jerman was standing in a bay at a Home Depot store located at 700 Broadview Village Square, Broadview, IL 60153, when his right foot slipped through the wooden slats, injuring his right ankle. No claim was pursued and Home Depot received no further information about the reported incident. All other information in Home Depot's possession regarding this request has come from Plaintiff and/or his attorneys.

6.　　A list giving the names, addresses and specialties of all expert witnesses (other than non-treating purely consultant experts who will not testify at the trial), omitting all persons already listed above.

**RESPONSE**: Home Depot has not designated any expert witnesses at this time. Home Depot will disclose its expert witnesses pursuant to the Court's most recent scheduling order.

7.　　All contracts, agreements or other writings between defendant and any other company or individual involving the construction project.

**RESPONSE**: Home Depot objects to the use of the phrase "construction project" because it does not accurately reflect the work that plaintiff's employer PMR contracted to perform for Home Depot. Without waiving said objection, see Home Depot's Rule 26 disclosures.

8.　　The plans, blueprints and specifications for the area involved in the occurrence.

**RESPONSE**: Objection. This request seeks documents that are confidential and proprietary. Without waiving said objection, the display project at issue may have utilized a diagram known as a "planogram," which is typically prepared by a vendor of a product made part of the display. Store displays are so routinely modified that it is

impractical to maintain archaic versions of associated planograms. As such, whatever planogram might have been utilized for the project as a whole is no longer in the possession of Home Depot.

9.      All shop drawings for the work being performed by the plaintiff and his co-workers.

**RESPONSE**: Home Depot is not aware of any "shop drawings" pertaining to the project as a whole.

10.      The general conditions and specifications for the work being performed by the Plaintiff.

**RESPONSE**: Objection. This request seeks documents that are confidential and proprietary. Home Depot further objects to the extent that the term "work" is overly broad, vague, ambiguous and undefined. Subject to this objection, and assuming that the term "work" refers to the project as a whole, the agreement between HD and PMR, in conjunction with whatever planogram was being utilized for the specific reset, if any, would have governed the project as whole.

11.      All process reports for the project and for the work being performed by the Plaintiff and his co-employees 90 days prior to, the date of the occurrence and for a period of 90 days after the occurrence.

**RESPONSE**: Objection. This request is overly broad in time, seeks documents that are confidential and proprietary and documents that are equally available to Plaintiff. Subject to these objections, Home Depot has not located any documents responsive to this request which pertain to the work being done by Plaintiff, or Plaintiff's employer, at the time of the alleged incident, at the store in question.

12.      All inspection reports of the area in which the plaintiff fell for a period of the date of the occurrence, as well as 90 days before and 90 days after the occurrence that gave rise to plaintiff's injuries.

**RESPONSE**: Home Depot objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad and seeks documents that are confidential and proprietary. Without waiving said objections, Home Depot's first notice of Plaintiff's alleged incident is when Plaintiff served Home Depot with this lawsuit. As such, Home Depot did not inspect the scene of the alleged incident at the time, and thus has no documents responsive to this request.

13.      All reports and/or transcripts of the minutes of the safety meetings held for a period of the date of the occurrence, 90 days before and after the occurrence and all diagrams and other written notes or documents of any kind used or distributed at these meetings.

3