**RESPONSE**: Home Depot objects to this interrogatory on the grounds that it is overly broad and seeks documents that are confidential and proprietary. Without waiving said objection, Home Depot has no documents responsive to this request.

14. All interoffice memoranda and correspondence pertaining to the work performed by Plaintiff's employer, the Plaintiff or Plaintiff's co-workers for a period of 90 days before and after the occurrence.

**RESPONSE**: Home Depot objects to this request on the grounds that it is vague, ambiguous, and overly broad. Without waiving said objections, Home Depot has not located any documents responsive to this request which pertain to the work being done by Plaintiff, or Plaintiff's employer, at the time of the alleged incident, at the store in question.

15. All documents or reports of the occurrence filed with OSHA or any state or local governmental agency.

**RESPONSE**: Home Depot objects to this request to the extent it requests documents or reports filed by any entity other than Home Depot. Without waiving said objections, Home Depot has not located any documents responsive to this request.

16. All video surveillance tapes, DVDs, etc., for the Home Depot store taken on the day of the occurrence, including, but not limited to the videotapes, video of the occurrence.

**RESPONSE**: Home Depot objects to this request as vastly over broad in time and in scope, not reasonably calculated to lead to the discovery of admissible evidence and seeking documents that are confidential and proprietary. Subject to these objections, Home Depot states that the Plaintiff's alleged incident was not captured on surveillance video, and could not have been captured on video since there was no operable video camera in the area at the time.

17. The name, address and telephone number of the individual responsible of monitoring and managing the video surveillance system that was in place on October 11, 2005, at the Home Depot located at 2920 Audrey Avenue, Naperville, Illinois.

**RESPONSE**: Home Depot objects to this request on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, see Home Depot's response to the preceding request.

18. Please provide all blueprints, plans, specifications, owner's manual, instruction manual for the video/monitoring system, security system which was located at the Home Depot store.

4

**RESPONSE**: Home Depot objects to this request on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Home Depot further objects to this request as vague and ambiguous and overly broad in time, and seeking information that is highly confidential and proprietary. Home Depot also objects in that while there were video recording devices operating at the store in question at the time of Plaintiff's alleged incident, the incident was not captured on surveillance video, and could not have been captured on video, since there was no operable video camera in the area at the time.

19. Any and all documents relating to the maintenance, operation, installation of the surveillance/video monitoring system in place on the date of the Plaintiff's occurrence.

**RESPONSE**: Home Depot objects to this request on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Home Depot further objects to this request as it seeks documentation that is highly confidential and proprietary. Home Depot also objects in that while there were video recording devices operating at the store in question at the time of Plaintiff's alleged incident, the incident was not captured on surveillance video, and could not have been captured on video, since there was no operable video camera in the area at the time.

20. Any and all pictures, photographs and videos of all instrumentalities involved in the occurrence, including the beams, cross beams, stickers, columns and spacers.

**RESPONSE**: Home Depot objects to this request as being vague and ambiguous and overly broad in time. Subject to this objection, Home Depot responds: None.

21. All instrumentalities or materials that were involved in the occurrence, including the beams, cross beams, stickers, columns and spacers.

**RESPONSE**: Home Depot objects to this request as being vague and ambiguous and unduly burdensome. Beams, cross beams and columns, etc., would be impractical to produce, even if Home Depot knew the precise location in the store in which Plaintiff claims he was working at the time, which Home Depot does not. If plaintiff will better describe what it is he seeks by this request, Home Depot will supplement its response.

22. A curriculum vitae for each expert who you intend to call at trial, together with copies of all articles, reports or professional papers published by each expert.

**RESPONSE**: None at this time. Home Depot has not yet designated any expert witnesses and will do so pursuant to the Court's most recent scheduling order.