JPM                                #39907                                11663

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TERENCE JERMAN and THERESA HARSKEY, ) ) ) | |
| Plaintiffs, ) ) | Case No. 07 C 6517 |
| v. ) ) | Judge Castillo |
| ) | Magistrate Judge Cole |
| HOME DEPOT U.S.A., INC., a foreign ) Corporation, d/b/a THE HOME DEPOT, ) ) | |
| Defendant ) | |

### HOME DEPOT U.S.A., INC.'S RESPONSE TO
### PLAINTIFF TERENCE JERMAN'S MOTION TO COMPEL AND/OR BAR

Defendant HOME DEPOT U.S.A., INC. ("HOME DEPOT") by its attorneys, McVEY & PARSKY, LLC, as and for its response to the motion to compel and/or bar of Plaintiff Terence Jerman, states as follows:

#### INTRODUCTION

Plaintiff Terence Jerman ("Jerman") has filed a motion to compel and/or bar against Home Depot, claiming without basis that Home Depot has failed to answer discovery and produce certain documents.[1] Jerman asks this Court to order Home Depot to "properly answer" discovery or in the alternative, to bar Home Depot from presenting any witnesses or evidence at trial. Jerman provides no factual or legal support for his motion. His motion is procedurally defective because it fails to comply with L.R. 37.2 and this Court's Case Management Procedures. Jerman does not explain why he considers Home Depot's objections to be improper.

---

[1] The motion to compel is brought on behalf of Jerman only. Plaintiff Theresa Harskey has not brought her own motion to compel, indicating that she has no objections to Home Depot's Responses to her Interrogatories.

Moreover, despite its objections, Home Depot answered Jerman's Interrogatories and Request for Production of Documents. Therefore, this Court should deny Jerman's motion to compel.

### BACKGROUND

Jerman has alleged that on or about October 11, 2005, while working as an employee of PMR, Inc., at the Home Depot store located at 2920 Audrey Avenue, Naperville, Illinois, he was caused to suffer "severe and permanent injuries." The circumstances surrounding Jerman's accident and the exact nature of his injuries are not alleged in his complaint.

One month later, on or about November 7, 2005, Jerman filed a worker's compensation claim against his employer, PMR, Inc., with the Illinois Worker's Compensation Commission. Since November 7, 2005, and continuing through the present, Jerman has been represented in his worker's compensation claim by the law firm of Reibman, Hoffman, Baum, Hirsch & O'Toole, the same attorneys representing Jerman in the instant action. A copy of the case docket from the website of the Illinois Worker's Compensation Commission is attached hereto as **Exhibit A**.

Jerman filed his lawsuit against Home Depot on or about October 10, 2007, and served Home Depot with a copy of the summons and complaint on October 18, 2007. Home Depot removed the complaint to the Northern District of Illinois on November 16, 2007.

Pursuant to this Court's order of December 20, 2007, Home Depot served Plaintiffs with its Rule 26(a)(1) initial disclosures on January 18, 2008. Plaintiffs did not object to any of Home Depot's disclosures at that time.

Jerman served Home Depot with his interrogatories and requests for production of documents on April 7, 2008. Home Depot subsequently requested additional time to answer discovery, and plaintiffs' attorney agreed to an extension of June 13, 2007.

On May 28, 2008, plaintiffs' attorney wrote to the undersigned counsel and requested for the first time that Home Depot supplement its Rule 26(a)(1) initial disclosures. This request came more than four months after Home Depot served plaintiffs with its initial disclosures, and approximately two weeks before the due date for Home Depot's discovery responses.

On June 6, 2008, plaintiffs' attorney and the undersigned counsel for Home Depot spoke on the telephone regarding Home Depot's discovery responses. The undersigned counsel reiterated that Home Depot would serve its discovery responses on plaintiffs by June 13, 2008, as previously agreed to by plaintiffs' attorney.

On June 13, 2008, Home Depot served its responses to Jerman's Interrogatories, Harskey's Interrogatories, and Jerman and Harskey's Request for Production of Documents. A copy of Home Depot's Certificate of Service is attached hereto as **Exhibit B**. Home Depot's Responses to Jerman's Interrogatories are attached hereto as **Exhibit C**, and its Responses to Request to Produce are attached hereto as **Exhibit D**.

On June 16, 2008, plaintiffs' attorney called the undersigned counsel for Home Depot regarding Home Depot's discovery responses. Plaintiffs' attorney said that he had not yet seen Home Depot's discovery responses. The undersigned counsel advised plaintiffs' attorney that the discovery responses had been served on June 13, 2008, and that said responses should be in his office.

Plaintiffs' attorney then asked if Home Depot had identified anyone for him to depose. The undersigned counsel told plaintiff's attorney that Home Depot had been unable to identify any Home Depot employees who had any knowledge of Jerman's alleged occurrence. The undersigned counsel further stated that Home Depot could not answer certain of plaintiffs' interrogatories because Jerman had not identified in his complaint or elsewhere the time of his

alleged occurrence. The undersigned counsel stated that if plaintiffs' attorney could provide the time of Jerman's alleged occurrence, Home Depot would be able to provide Jerman with a list of Home Depot employees who were working at the subject store during the time period of three hours before to three hours after the time of Jerman's alleged occurrence.

Plaintiffs' attorney immediately became belligerent and refused to tell the undersigned counsel what time Jerman's alleged occurrence took place. Plaintiffs' attorney threatened to file a motion to compel, despite the fact that he had not yet read Home Depot's discovery responses. The undersigned attorney asked plaintiffs' attorney several more times what time Jerman's alleged occurrence took place. Each time, plaintiff's attorney refused to tell the undersigned counsel what time Jerman's alleged incident took place. Plaintiffs' attorney would only say that Jerman's alleged occurrence happened sometime on the "evening" of October 11, 2005. The undersigned counsel then advised plaintiffs' attorney to review Home Depot's discovery responses and to contact him should plaintiffs' attorney have any questions or concerns regarding the responses.

On June 19, 2008, the undersigned counsel for Home Depot called plaintiffs' attorney and said that Home Depot would be providing plaintiffs with a list of hourly Home Depot employees who were working at the store between 4:00 pm and midnight on October 11, 2005. During this conversation plaintiff's attorney did not mention any objections that he had to Home Depot's discovery responses and did not request that Home Depot supplement any responses. Home Depot provided a list of 65 Home Depot employees to plaintiffs' attorney on June 20, 2008. A copy of Home Depot's supplementation is attached hereto as **Exhibit E**.

Jerman filed his motion to compel and/or bar on June 20, 2008.[2]  Between June 16, 2008, and June 20, 2008, plaintiff's attorney did not write, e-mail or call the undersigned counsel for Home Depot regarding any of Home Depot's responses or objections.  To date, Jerman and his attorneys have not made any attempts to resolve the purported discovery disputes contained in Jerman's motion to compel.

## ARGUMENT

Jerman's motion to compel and/or bar should be denied for two reasons.  First, Jerman has failed to comply with this Court's Case Management Procedures and L.P. 37.2.  Second, Home Depot has responded to Jerman's discovery requests and has provided him with all information and documents currently in its possession.

### A.    Jerman's Motion is Procedurally Defective.

This Court's Case Management Procedures for Motion Practice require the following:

> Prior to filing any motion to compel … the moving party shall first serve the nonmoving party with a concise letter summarizing the legal and factual grounds for the motion, with references to supporting authorities, and make a sincere effort to resolve issues relating to the motion. Any filed motion **must** contain a statement of compliance with this rule or the motion will automatically be denied without prejudice.

Additionally, this Court requires that discovery motions will not be heard without an affidavit pursuant to Rule 37.2 of the Local Rules.

Jerman has not served Home Depot with a concise letter summarizing his grounds for his motion to compel, and has not made any effort, sincere or otherwise to resolve any of the purported discovery issues contained in his motion.  Despite Home Depot's reasonable request for additional information to answer certain of plaintiffs' interrogatories, i.e., the time that Jerman's alleged occurrence took place, Jerman and his attorneys have refused to provide this

---

[2] The filing on June 20, 2008, did not include any of the Exhibits referenced in the motion.  Jerman refiled his motion on June 24, 2008, and attached the Exhibits referred to as being attached in his original motion.

information.  Certainly Jerman knows what time his alleged accident occurred.  Jerman's motion does not contain a statement of compliance with this Court's Case Management Procedures for Motion Practice.  Nor does Jerman's motion contain an affidavit as required by Rule 37.2 of the Local Rules.  For these reasons alone, Jerman's motion to compel should be denied.

### B. Home Depot Has Answered Jerman's Discovery Requests.

Jerman's motion to compel asks this Court to order Home Depot to properly answer written discovery or in the alternative to bar Home Depot from presenting any evidence or witnesses at trial.  Jerman's motion to compel should also be denied for the simple reason that Home Depot has answered Jerman's discovery requests.  Although Home Depot properly objected to certain of Jerman's Interrogatories and Requests for Production of Documents, Home Depot then reserved those objections and answered Jerman's discovery requests.  Jerman does not explain how any of Home Depot's objections are improper, and cites no factual or legal authority in support of his request that Home Depot's objections be stricken, or for his outrageous request to bar Home Depot from presenting any witnesses or evidence at trial.

Jerman states in his motion to compel that Home Depot has not identified any witnesses who will testify on its behalf at trial.  Since a final Pre-Trial Conference has not been held and a final Pre-Trial Order has not been entered, Home Depot is not required to identify at this time any witnesses it may call to testify at trial.  However, in its Rule 26(a)(1) initial disclosures, Home Depot did identify Jerman, Harskey, and representatives of PMR, Inc., as potentially having discoverable information that Home Depot may use in support of its defenses.

Jerman also claims that Home Depot's discovery responses did not identify anyone from Home Depot that had knowledge of contracts or the work involved.  Nowhere in their discovery requests did plaintiffs ask for the identity of any Home Depot employees with knowledge of the

6

contracts or work involved.  *See* **Exhibits C and D**.  Rather, plaintiffs only asked for information regarding individuals who witnessed the alleged incident or had knowledge of same.

Jerman next complains that Home Depot has failed to disclose an incident report or any of the individuals who prepared it.  However, Jerman provides no factual basis for this statement.  Jerman claims that after his alleged incident, "individuals congregated around the Plaintiff and took information to complete an incident report."  Jerman then says that upon information and belief individuals from Home Depot were on the job site at the time of the occurrence, and furthermore "It is believed that one of the individuals that took down the information was a Home Depot, Inc. employee."

Jerman does not proffer any facts to support his claim that a Home Depot employee filled out any type of incident report.  Jerman does not provide names and/or physical descriptions of any of the individuals whom he claims "congregated" around him after his alleged incident.  Such information would allow Home Depot to determine whether any of the individuals who allegedly spoke to Jerman after his alleged incident were Home Depot employees.  Jerman's statement that he "believes" that an incident report exists is nothing but unfounded speculation on his part.  In his interrogatories, Jerman asked whether any written reports were made or filed with Home Depot by any person, firm or corporation relating to Jerman's alleged occurrence.  Home Depot responded in the negative.  **Exhibit C**, Response to Interrogatory 11.

Finally, Jerman claims that a video may exist that captured his alleged incident.[3]  However, Jerman admits that Home Depot has responded to Plaintiffs' Notice to Produce that no video exists of the incident.  Indeed, Home Depot answered that Jerman's alleged incident was

---

[3] Jerman says that attached to his motion are photographs exemplifying that video surveillance cameras were in position where the accident occurred.  However, no photographs were attached to the motion.

not captured on surveillance video and could not have been captured on video since there was no operable video camera in the area at the time.  **Exhibit D**, Response to Request 16.

Jerman also voices his apparent concern that a tape might surface after all deposition testimony has been locked in and without the ability for witnesses to refresh their memory by using that video.  However, to date the only witness to Jerman's alleged incident that plaintiffs have identified is Jerman himself.  Presumably, Jerman is well aware of how his alleged incident took place and needs no refresher.  Jerman's statement is nothing more than a baseless and disingenuous attempt to accuse Home Depot of improprieties in answering discovery, and demonstrates the vexatious and harassing nature of Jerman's motion to compel.

Jerman and his attorneys have had well over two years to investigate the circumstances surrounding his alleged incident.  Jerman's attorneys in this case have been representing Jerman in his worker's compensation case since November 7, 2005, less than one month after his alleged incident.  *See* **Exhibit A**.  Had Jerman believed that Home Depot possessed any information regarding his alleged incident, he could have requested said information after retaining his current attorneys.  Instead, Jerman filed his complaint against Home Depot on October 10, 2007, and first served discovery on Home Depot on April 7, 2008 (approximately two-and-a-half years after his alleged incident).  Home Depot has answered Jerman's discovery requests.  Jerman's motion to compel is groundless and unsupported by any facts or law.  Therefore, this Court should deny Jerman's motion to compel.

## CONCLUSION

Home Depot answered Jerman's discovery requests by the agreed upon deadline of June 13, 2008.  Jerman's motion to compel does not explain how Home Depot's answers and/or objections are improper or non-responsive.  Home Depot has complied with Jerman's discovery

demands and provided him with all information and documents currently in its possession. Jerman's motion to compel is procedurally improper and factually groundless, and has no purpose other than to harass Home Depot and waste the time of Home Depot and this Court.

    WHEREFORE, based upon the foregoing, Defendant Home Depot respectfully requests that this Court deny Plaintiff Jerman's Motion to Compel and/or to Bar, award Home Depot its expenses and attorney's fees incurred in opposing the motion, and for any further relief this Court deems necessary and appropriate.

**Dated: June 26, 2008**

    Respectfully Submitted,

    s/ John P. McCorry_____
One of the Attorneys for Home Depot U.S.A., Inc.
John P. McCorry (#6280573)
MCVEY & PARSKY, LLC
30 N. LaSalle St., Suite 2100
Chicago, IL 60602
Phone: (312) 551-2130
Fax:  (312) 551-2131
e-mail: jpm@mcveyparsky-law.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of June, 2008, I electronically filed Defendant Home Depot U.S.A., Inc.'s ***Response to Plaintiff Terence Jerman's Motion to Compel and/or Bar*** with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing:

    Paul G. O'Toole
    Reibman, Hoffman, Baum Hirsch & O'Toole
    20 N. Clark Street, Suite 1700
    Chicago, IL 60602
    potoolerhb@ameritech.net

    s/ John P. McCorry
    John P. McCorry
    Attorney No. 6280573
    Attorney for Defendant, Home Depot U.S.A., Inc.