IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TERENCE JERMAN and THERESA HARSKEY, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07 C 6517 |
| v. | ) ) ) | Judge Castillo<br>Magistrate Judge Cole |
| HOME DEPOT U.S.A., INC., a foreign Corporation, d/b/a THE HOME DEPOT, | ) ) ) ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWERS TO PLAINTIFFS' TERENCE JERMAN AND THERESA HARSKEY'S REQUESTS TO PRODUCE

NOW COMES Defendant, HOME DEPOT USA, INC., by and through its attorneys, McVEY & PARSKY, LLC., and for its responses to the Requests to Produce states as follows:

1. Any statement given by a party to some person or entity other than his attorney or insurer (to be produced by the person or entity to whom it was given or transferred).

**RESPONSE**: Other than any statements that may be contained in plaintiff's medical records, none.

2. The statement of any other witness, except parties to this action, non treating experts, or other participants who may yet be sued because of this occurrence alleged.

**RESPONSE**: None at this time.

3. All photographs of the scene of the occurrence, including progress photographs, if any.

**RESPONSE**: None other than photographs taken by plaintiff purportedly depicting area where the alleged accident occurred.

4. All photographs, slides, or motion pictures taken prior and subsequent to the alleged occurrence of Plaintiff and the scaffold, device, or the object involved in the alleged occurrence or the scene of the occurrence.

**RESPONSE**: Home Depot objects to this request on the grounds that it is overly broad as to time. Home Depot further responds on the grounds that the request is vague and ambiguous since Plaintiff does not state what "object" was involve in the alleged occurrence. Without waiving said objections, none other than photographs taken by plaintiff purportedly depicting area where the alleged accident occurred.

5. All data as to the physical or mental condition of the Plaintiff prior and subsequent to the alleged occurrence, including inter alia, injuries sustained in other accident.

**RESPONSE**: Home Depot objects to the request on the grounds that it seeks information prepared in anticipation of litigation. Subject to this objection, Home Depot states that on 2/1/05, it was reported to Home Depot that a vendor by the name of Terry Jerman was standing in a bay at a Home Depot store located at 700 Broadview Village Square, Broadview, IL 60153, when his right foot slipped through the wooden slats, injuring his right ankle. No claim was pursued and Home Depot received no further information about the reported incident. All other information in Home Depot's possession regarding this request has come from Plaintiff and/or his attorneys.

6. A list giving the names, addresses and specialties of all expert witnesses (other than non-treating purely consultant experts who will not testify at the trial), omitting all persons already listed above.

**RESPONSE**: Home Depot has not designated any expert witnesses at this time. Home Depot will disclose its expert witnesses pursuant to the Court's most recent scheduling order.

7. All contracts, agreements or other writings between defendant and any other company or individual involving the construction project.

**RESPONSE**: Home Depot objects to the use of the phrase "construction project" because it does not accurately reflect the work that plaintiff's employer PMR contracted to perform for Home Depot. Without waiving said objection, see Home Depot's Rule 26 disclosures.

8. The plans, blueprints and specifications for the area involved in the occurrence.

**RESPONSE**: Objection. This request seeks documents that are confidential and proprietary. Without waiving said objection, the display project at issue may have utilized a diagram known as a "planogram," which is typically prepared by a vendor of a product made part of the display. Store displays are so routinely modified that it is

2

impractical to maintain archaic versions of associated planograms. As such, whatever planogram might have been utilized for the project as a whole is no longer in the possession of Home Depot.

9. All shop drawings for the work being performed by the plaintiff and his co-workers.

**RESPONSE**: Home Depot is not aware of any "shop drawings" pertaining to the project as a whole.

10. The general conditions and specifications for the work being performed by the Plaintiff.

**RESPONSE**: Objection. This request seeks documents that are confidential and proprietary. Home Depot further objects to the extent that the term "work" is overly broad, vague, ambiguous and undefined. Subject to this objection, and assuming that the term "work" refers to the project as a whole, the agreement between HD and PMR, in conjunction with whatever planogram was being utilized for the specific reset, if any, would have governed the project as whole.

11. All process reports for the project and for the work being performed by the Plaintiff and his co-employees 90 days prior to, the date of the occurrence and for a period of 90 days after the occurrence.

**RESPONSE**: Objection. This request is overly broad in time, seeks documents that are confidential and proprietary and documents that are equally available to Plaintiff. Subject to these objections, Home Depot has not located any documents responsive to this request which pertain to the work being done by Plaintiff, or Plaintiff's employer, at the time of the alleged incident, at the store in question.

12. All inspection reports of the area in which the plaintiff fell for a period of the date of the occurrence, as well as 90 days before and 90 days after the occurrence that gave rise to plaintiff's injuries.

**RESPONSE**: Home Depot objects to this interrogatory on the grounds that it is vague and ambiguous, overly broad and seeks documents that are confidential and proprietary. Without waiving said objections, Home Depot's first notice of Plaintiff's alleged incident is when Plaintiff served Home Depot with this lawsuit. As such, Home Depot did not inspect the scene of the alleged incident at the time, and thus has no documents responsive to this request.

13. All reports and/or transcripts of the minutes of the safety meetings held for a period of the date of the occurrence, 90 days before and after the occurrence and all diagrams and other written notes or documents of any kind used or distributed at these meetings.

**RESPONSE**: Home Depot objects to this interrogatory on the grounds that it is overly broad and seeks documents that are confidential and proprietary. Without waiving said objection, Home Depot has no documents responsive to this request.

14. All interoffice memoranda and correspondence pertaining to the work performed by Plaintiff's employer, the Plaintiff or Plaintiff's co-workers for a period of 90 days before and after the occurrence.

**RESPONSE**: Home Depot objects to this request on the grounds that it is vague, ambiguous, and overly broad. Without waiving said objections, Home Depot has not located any documents responsive to this request which pertain to the work being done by Plaintiff, or Plaintiff's employer, at the time of the alleged incident, at the store in question.

15. All documents or reports of the occurrence filed with OSHA or any state or local governmental agency.

**RESPONSE**: Home Depot objects to this request to the extent it requests documents or reports filed by any entity other than Home Depot. Without waiving said objections, Home Depot has not located any documents responsive to this request.

16. All video surveillance tapes, DVDs, etc., for the Home Depot store taken on the day of the occurrence, including, but not limited to the videotapes, video of the occurrence.

**RESPONSE**: Home Depot objects to this request as vastly over broad in time and in scope, not reasonably calculated to lead to the discovery of admissible evidence and seeking documents that are confidential and proprietary. Subject to these objections, Home Depot states that the Plaintiff's alleged incident was not captured on surveillance video, and could not have been captured on video since there was no operable video camera in the area at the time.

17. The name, address and telephone number of the individual responsible of monitoring and managing the video surveillance system that was in place on October 11, 2005, at the Home Depot located at 2920 Audrey Avenue, Naperville, Illinois.

**RESPONSE**: Home Depot objects to this request on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, see Home Depot's response to the preceding request.

18. Please provide all blueprints, plans, specifications, owner's manual, instruction manual for the video/monitoring system, security system which was located at the Home Depot store.

4

**RESPONSE**: Home Depot objects to this request on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Home Depot further objects to this request as vague and ambiguous and overly broad in time, and seeking information that is highly confidential and proprietary. Home Depot also objects in that while there were video recording devices operating at the store in question at the time of Plaintiff's alleged incident, the incident was not captured on surveillance video, and could not have been captured on video, since there was no operable video camera in the area at the time.

19.   Any and all documents relating to the maintenance, operation, installation of the surveillance/video monitoring system in place on the date of the Plaintiff's occurrence.

**RESPONSE**: Home Depot objects to this request on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Home Depot further objects to this request as it seeks documentation that is highly confidential and proprietary. Home Depot also objects in that while there were video recording devices operating at the store in question at the time of Plaintiff's alleged incident, the incident was not captured on surveillance video, and could not have been captured on video, since there was no operable video camera in the area at the time.

20.   Any and all pictures, photographs and videos of all instrumentalities involved in the occurrence, including the beams, cross beams, stickers, columns and spacers.

**RESPONSE**: Home Depot objects to this request as being vague and ambiguous and overly broad in time. Subject to this objection, Home Depot responds: None.

21.   All instrumentalities or materials that were involved in the occurrence, including the beams, cross beams, stickers, columns and spacers.

**RESPONSE**: Home Depot objects to this request as being vague and ambiguous and unduly burdensome. Beams, cross beams and columns, etc., would be impractical to produce, even if Home Depot knew the precise location in the store in which Plaintiff claims he was working at the time, which Home Depot does not. If plaintiff will better describe what it is he seeks by this request, Home Depot will supplement its response.

22.   A curriculum vitae for each expert who you intend to call at trial, together with copies of all articles, reports or professional papers published by each expert.

**RESPONSE**: None at this time. Home Depot has not yet designated any expert witnesses and will do so pursuant to the Court's most recent scheduling order.

23.   All documents, electronically stored information, reports, things and/or physical evidence examined or relied upon by any expert witness who has been consulted regarding this case.

**RESPONSE**: None at this time. Home Depot has not yet designated any expert witnesses and will do so pursuant to the Court's most recent scheduling order.

24.   Any and all documents, electronically stored information, things and/or physical evidence that any Defendant may offer at trial and which is not included in any of the above requests.

**RESPONSE**: Home Depot objects to this request on the grounds that it calls for the production of documents and information that is subject to the attorney work product privilege. Home Depot further objects to this request on the grounds that it is premature. Home Depot will identify all documents and evidence that it intends to offer at trial pursuant to Court order.

25.   All documents, electronically stored information, and/or things related to this case not otherwise requested above that Defendant(s) and/or Defendants attorney(s) have obtained and/or reviewed at any time.

**RESPONSE**: Home Depot objects to this request on the grounds that it is overly broad and unduly burdensome, vague and ambiguous.

26.   All documents, electronically stored information, and/or things not otherwise requested above that in any way relates to the occurrence that is the subject of this lawsuit (including any of the facts, claims, defenses or injures alleged), and all documents and things required by F.R.C.P.26(a)(1)(B).

**RESPONSE**: Home Depot objects to this request on the grounds that it is overly broad and unduly burdensome, vague and ambiguous, and duplicative of Request # 25. Home Depot further objects to this request on the grounds that it has already complied with its initial obligations under Rule 26. Home Depot has reserved its right pursuant to Rule 26(e) to supplement its initial disclosures as new information becomes available.

27.   A privilege log for any information, document, and/or thing that you claim to be privileged and non-discoverable, or attorney work product.

**RESPONSE**:  None at this time.

Respectfully Submitted,

*/s/ John P. McCorry*

John P. McCorry (#6280573)
Attorney for Home Depot U.S.A., Inc.
MCVEY & PARSKY, LLC
30 N. LaSalle St., Suite 2100
Chicago, IL  60602
Phone: (312) 551-2130
Fax:    (312) 551-2131
e-mail: jpm@mcveyparsky-law.com