JPM                              #39907                              11663

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TERENCE JERMAN and THERESA HARSKEY, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07 C 6517 |
| v. | ) ) | Judge Castillo |
| | ) | Magistrate Judge Cole |
| HOME DEPOT U.S.A., INC., a foreign Corporation, d/b/a THE HOME DEPOT, | ) ) ) | |
| Defendant | ) ) | |
| HOME DEPOT U.S.A., INC., a foreign Corporation, d/b/a THE HOME DEPOT, | ) ) ) | |
| Defendant/Third Party-Plaintiff, | ) ) | |
| v. | ) ) | |
| PROFESSIONAL MANUFACTURERS REPRESENTATIVES, INC., | ) ) ) | |
| Third Party Defendant. | ) | |

---

## HOME DEPOT U.S.A., INC.'S
## MOTION TO COMPEL

---

Defendant HOME DEPOT U.S.A., INC. ("HOME DEPOT") by its attorneys, McVEY & PARSKY, LLC, as and for its motion pursuant to Fed. R. Civ. P. 37 and N.D. Ill. L.R. 37.1 to compel more complete answers to its interrogatories and request for production of documents to Plaintiffs Terence Jerman and Theresa Harskey, states as follows:

<h3 align="center">BACKGROUND</h3>

1.      On June 11, 2008, Home Depot served Plaintiffs with Interrogatories and Requests for Production of Documents in this matter.  Copies are attached hereto as **Exhibits A and B**.  Home Depot demanded that the responses be provided by July 16, 2008

2.      Plaintiffs served their discovery responses on August 6, 2008, after several inquiries by Home Depot regarding the tardiness of Plaintiffs' responses.  Copies of Plaintiffs responses are attached hereto as **Exhibits C and D**.

3.      On August 22, 2008, Home Depot wrote to Plaintiffs detailing deficiencies in certain of Plaintiffs responses to the Interrogatories and Requests for Production of Documents.  A copy of this letter is attached hereto as **Exhibit E**.  Specifically, Home Depot requested supplemental responses to Interrogatories, 15, 16, and 19-24, and Requests for Production of Documents 7, 8 and 15.

4.      On August 26, 2008, counsel for Home Depot and for Plaintiffs spoke via telephone at length regarding Plaintiffs' discovery responses.  At the end of the conversation, the following discovery requests and responses were still unresolved:  Interrogatories 15, 19, 20, 23 and 24, and Request for Production of Documents number 15.

5.      Home Depot now moves for an order compelling Plaintiffs to provide more complete answers to these discovery requests.  Plaintiffs' objections are unfounded, and Home Depot is entitled to full answers to its discovery requests.

<h3 align="center">ARGUMENT</h3>

6.      Federal Rule of Civil Procedure 37(a) (1) provides that a party may move for an order compelling discovery, and that the motion must include a certification that the movant has in good faith conferred with the party failing to make discovery in an effort to obtain it without

court action.   A party seeking discovery may move for an order an answer, designation, production, or inspection.   Fed. R. Civ. P. 37 (a) (3).   Local Rule 37.2 provides that any discovery motion must include a statement that after consultation in person or by telephone and good faith attempts to resolve differences the parties are unable to reach an accord.

7.     Finally, this Court's Case Management Procedures for Motion Practice require the following:

> Prior to filing any motion to compel … the moving party shall first serve the nonmoving party with a concise letter summarizing the legal and factual grounds for the motion, with references to supporting authorities, and make a sincere effort to resolve issues relating to the motion. Any filed motion **must** contain a statement of compliance with this rule or the motion will automatically be denied without prejudice.

8.     In the present case, Home Depot has complied with the foregoing rules and has consulted with Plaintiffs' in good faith to resolve the dispute regarding Plaintiffs' inadequate discovery responses.   However, Home Depot has been unable to reach an accord with Plaintiffs and Plaintiffs continue to refuse to answer certain of Home Depot's interrogatories and to produce certain documents.   Therefore, Home Depot respectfully requests that this Court grant Home Depot's motion to compel and order Plaintiffs to provide fuller answers and to produce the requested documents within seven (7) days of the hearing of this motion.

**Interrogatory #15**

9.     The following is Home Depot's Interrogatory #15 and Plaintiffs' response:

> 15.     Have you (or has anyone acting on your behalf) had any conversations with any person since the time of the occurrence with regard to the manner in which the occurrence complained of occurred, or have you overheard any statements made by any person since the time of the occurrence with regard to the injuries complained of by plaintiff or to the manner in which the occurrence complained of occurred? If the answer to this interrogatory is in the affirmative, state the following:
>
> (a)     The date or dates of such conversations and/or statements;

3

(b)     The place of such conversations and/or statements;
(c)     All persons present for the conversations and/or statements;
(d)     The matters and things stated by the person in the conversations and/or statements;
(e)     Whether the conversation was oral, written and/or recorded; and
(f)     Who has possession of the statement if written and/or recorded.

**ANSWER:     Objection, overly broad.  Notwithstanding, yes.  A co-worker contacted my wife, Theresa, and advised her of the situation on the date of the occurrence.  Theresa then called my family members after the incident and told them what had happened and that I would be having surgery.  Plaintiff is not in possession of any formal statements, but representatives of the law firm that is representing me, had an oral conversation with Joe Ivanauskas and I had a conversation with Joe Ivanauskas.  No formal statements were taken.  Investigation continues.**

10.     Home Depot notified Plaintiffs that their answer to Interrogatory #15 did not provide all of the requested information regarding the two conversations with Joe Ivanauskas because they did not provide the dates and places of these conversations and the statements and things said in the conversations.  **Exhibit E**.  During the telephone conversation on August 26, 2008, counsel for Plaintiffs objected to disclosing any details regarding his firm's conversation with Mr. Ivanauskas on the basis of the attorney work product doctrine.  However, the work product doctrine is inapplicable because Home Depot is not asking for Plaintiffs' attorneys' mental impressions.  Plaintiffs' identified Mr. Ivanauskas as a witness to Mr. Jerman's alleged occurrence.  Therefore, Home Depot is entitled to discover what Mr. Ivanauskas told Plaintiffs' attorney's regarding the facts and circumstances surrounding Mr. Jerman's alleged incident.

**Interrogatory #19**

11.     The following is Home Depot's Interrogatory #19 and Plaintiffs' response:

19.     Describe in detail the events and circumstances surrounding the alleged occurrence, beginning with your arrival at the subject Home Depot store and ending with the first time you received medical treatment for your alleged injuries.

**ANSWER:    Objection, calls for a narrative.  The question is overly broad.  Investigation continues.**

12.    Home Depot notified Plaintiffs that their objections to Interrogatory #19 were unfounded and that Home Depot was entitled to discover Mr. Jerman's description of how his alleged occurrence happened and the event occurring immediately thereafter.  **Exhibit E**.  On August 26, 2008, Plaintiffs' attorney took the position that his objections were sound and refused to provide an answer to Interrogatory #19, suggesting that a deposition was the more proper forum to seek this information.  Plaintiffs' objections are improper.  The interrogatory is a proper method for Home Depot to discover Plaintiffs description of the facts surrounding Mr. Jerman's alleged occurrence; Home Depot need not wait until Mr. Jerman's deposition to obtain this information.  *EEOC v. Jewel Food Stores, Inc.*, 231 F.R.D. 343, 350 n.3 (N.D. Ill. 2005).  The exact circumstances surrounding Mr. Jerman's alleged occurrence is one of the major issues in this case, and Plaintiffs have not provided Mr. Jerman's description of how his alleged occurrence took place in either their Complaint or their initial disclosures.  Home Depot is entitled to this information prior to taking Mr. Jerman's deposition.

**Interrogatory #20**

13.    The following is Home Depot's Interrogatory #20 and Plaintiffs' response:

20.    Describe all training that you received for the work you were to perform for Professional Manufacturers Representatives, from the date of your hire until the date of the alleged occurrence.

**ANSWER:    Objection, calls for a narrative and this question is overly broad.  Investigation continues.**

14.    Home Depot notified Plaintiffs that their objections to Interrogatory #20 were unfounded and that Home Depot was entitled to a response.  **Exhibit E**.  On August 26, 2008, Plaintiffs' attorney continued to maintain that the request was too broad and stood by his

objection.  Plaintiffs' objections are improper and Home Depot is entitled to discover what training Mr. Jerman received from his employer.  The request is not overly broad because it is limited in time from the date of Mr. Jerman's hire until the date of his alleged incident.

**Interrogatory #23**

15.     The following is Home Depot's Interrogatory #23 and Plaintiffs' response:

23.     Did you, your attorneys or anyone else acting on your behalf speak to anyone at Home Depot regarding the alleged occurrence between the day of the alleged occurrence and the date you filed your Complaint?  If the answer to this interrogatory is in the affirmative, state the following:

(a)     The date or dates of such conversations and/or statements;
(b)     The place of such conversations and/or statements;
(c)     All persons present for the conversations and/or statements;
(d)     The matters and things stated by the person in the conversations and/or statements;
(e)     Whether the conversation was oral, written and/or recorded; and
(f)     Who has possession of the statement if written and/or recorded.

**ANSWER:    Objection, overly broad.  I am not aware of any conversations and/or statements with any employees of Home Depot, other than what occurred on the date of the occurrence.  Investigation continues.**

16.     Home Depot notified Plaintiffs that their answer failed to identify any conversations with Home Depot employees that took place on the date of the occurrence, and that Mr. Jerman would presumably have such knowledge, including the identity or physical description of any individuals involved.  **Exhibit E**.  On August 26, 2008, Plaintiffs' attorney advised Home Depot's attorney that Mr. Jerman thinks that he spoke with at least one person from Home Depot on the date of his alleged occurrence; however, Mr. Jerman also could not tell who might have been from Home Depot and who might have been from his employer, Professional Manufacturer's Representatives.  When counsel for Home Depot asked for a physical description of the individual or individuals with whom Mr. Jerman spoke on the date of his alleged occurrence, Plaintiffs' counsel refused to provide any such description.  Without at

6

least a physical description of the individual or individuals with whom Mr. Jerman claims to have spoken on the date of his alleged occurrence, Home Depot cannot determine whether such individual or individuals may have been Home Depot employees. Therefore, Home Depot requests a fuller response from Plaintiffs to at least provide a physical description of all individuals with whom he claims to have spoken on the date of his alleged occurrence.

**Interrogatory #24**

17.     The following is Home Depot's Interrogatory #24 and Plaintiffs' response:

24.     List the names and addresses of all other persons (other than yourself and persons heretofore listed) who have knowledge of the facts of the occurrence and/or the injuries and damages claimed to have resulted therefrom.

**ANSWER:   Objection, overly broad.   Notwithstanding, my attorney, family, friends, medical providers and parties to this lawsuit.   Investigation continues.**

18.     Home Depot notified Plaintiffs that their answer to Interrogatory #24 failed to provide the names and addresses of the individuals referred to by category. **Exhibit E**. On August 26, 2008, counsel for Home Depot requested the names and addresses of Plaintiffs family and friends who had knowledge of the facts of the alleged occurrence and/or Mr. Jerman's alleged injuries and damages. Plaintiffs' attorney stated that he could not answer the question any more narrowly that he already had because there were numerous people who had might have such information. However, this is not a proper reason for refusing to provide the names and addresses of these people. To the extent that family members and friends of the Plaintiffs have information regarding Mr. Jerman's alleged occurrence and/or his alleged injuries and damages, Plaintiffs are required to identify these individuals.

**Request for Production of Documents #15**

19.    The following is Home Depot's Request for Production of Documents #15 and Plaintiffs' response:

15.    All correspondence or other documents sent between Plaintiffs, their attorneys, or anyone acting on Plaintiffs' behalf and any other entity or individual not a party to this action after the alleged occurrence to the present, regarding or relating to said occurrence.

**ANSWER:**    Plaintiff objects, this information calls for Attorney/Client Privilege and is overly broad.  Investigation continues.

20.    Home Depot notified Plaintiffs that their objections to Request for Production of Documents # 15 were unfounded and that Home Depot was entitled to a response.  **Exhibit E**. On August 26, 2008, Plaintiffs' attorney withdrew the privilege objection.  However, Plaintiffs' attorney continued to maintain that the request was overly broad, stating for example that he had sent out and received correspondence regarding Plaintiffs' medical records.  The request is not overly broad.  The time frame is limited to the date of the occurrence to the present.  Home Depot is entitled to all correspondence between Plaintiffs and their medical providers regarding his medical records and/or his alleged injuries.  Additionally, Mr. Jerman has instituted a worker's compensation claim against his former employer, Professional Manufacturers Representatives.  Home Depot is entitled to all correspondence between Plaintiffs' and PMR's workers compensation carrier regarding Mr. Jerman's alleged occurrence and his alleged injuries.  Home Depot is also entitled to any other correspondence between Plaintiffs and any other third person or entity regarding Mr. Jerman's alleged occurrence and his alleged injuries. Such documents are within the possession and control of Plaintiffs and/or their attorneys.

<u>CONCLUSION</u>

WHEREFORE, based upon the foregoing, Defendant Home Depot U.S.A., Inc. respectfully requests that this Court grant its Motion to Compel and require Plaintiffs to provide more complete answers to Home Depot's Interrogatories and Request for Production of Documents within seven (7) days of the hearing of this motion; and award Home Depot its expenses and attorney's fees incurred in bringing the instant motion pursuant to Federal Rule of Civil Procedure 37(a) (5).

**Dated:  September 4, 2008**

                              Respectfully Submitted,


                              s/  John P. McCorry_____
                              One of the Attorneys for Home Depot U.S.A., Inc.
                              John P. McCorry (#6280573)
                              MCVEY & PARSKY, LLC
                              30 N. LaSalle St., Suite 2100
                              Chicago, IL  60602
                              Phone: (312) 551-2130
                              Fax:    (312) 551-2131
                              e-mail: jpm@mcveyparsky-law.com