IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TERENCE JERMAN and THERESA HARSKEY, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07 C 6517 |
| v. | ) ) ) | Judge Castillo<br>Magistrate Judge Cole |
| HOME DEPOT U.S.A., INC., a foreign Corporation, d/b/a THE HOME DEPOT, | ) ) ) | |
| Defendant. | ) | |

### FIRST NOTICE FOR PRODUCTION OF DOCUMENTS

NOW COMES the Defendant, HOME DEPOT U.S.A., INC., by and through its attorneys MCVEY & PARSKY, LLC, and pursuant to the Federal Rules of Civil Procedure, propounds this First Notice for Production upon the Plaintiffs, Terence Jerman and Theresa Harskey, and hereby requests production of the following documents within thirty-five (35) days of service:

### DEFINITIONS

As used herein, the following words and phrases have the meaning or meanings prescribed for them:

1. The word "document" or "documents" shall mean every original (and every copy of any original which differs in any way from the original) of every writing or recording of every kind or description, whether hand written, typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic or electrical means whatsoever, including without limitation, books, maps, plats, surveys, drawings, sketches, graphs, charts, plans, laboratory or engineering reports, correspondence, communications, telegrams, memoranda, notes, notebooks, worksheets, reports, lists, analyses, summaries, ledgers, accounts, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills and toll call records, expense reports, commission statements, itineraries, agendas, payroll records, checkbooks, cancelled checks, receipts, contracts, agreements, instruction assignments, applications, offers, acceptances, proposals, financial statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials of oral communications,

        forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes and records.

2. "Related to" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

3. "Identification" or "identify" shall mean as to a document or agreement, stating:

    a. The date of its creation, execution and receipt;
    b. Its author or signatory;
    c. Its addressee and every other recipient or persons having knowledge of its contents or whereabouts;
    d. Its type or nature (e.g. letter, memorandum, etc.) including its subject mater (which shall be stated with particularity);
    e. The number of pages, pieces or units contained therein or form a part thereof;
    f. The name and business and home address of the custodian of the document;
    g. The present location of the document.

4. "Party" shall, if an individual, also include members of their immediate family and shall, if a corporation, include its officers, directors, managing agents and foremen.

## DOCUMENTS REQUESTED

1. All oral or written statements of any and all parties given or transferred to some other party or entity other than the attorney for that party.

2. Statements, whether oral or written, of any other witness to the occurrence, except parties to this action and non-treating experts.

3. All photographs, slides, or motion pictures pertaining to the parties hereto, the instrumentalities and physical object(s) involved, and the scene of the alleged occurrence both before and after the alleged occurrence, up to the present. This request includes but is not limited to photographs, slides or motion pictures.

4. All data, notes, memoranda, records, reports, correspondence, bills, x-rays, etc., reflecting the past, present and/or future physical and/or mental condition of Plaintiff prior to and subsequent to the alleged occurrence including, inter alia, injuries sustained in this and other accidents.

5. Any and all medical bills pertaining to plaintiff's alleged injuries.

6. Any and all liens received from medical care providers or worker's compensation insurers regarding the alleged occurrence.

7. Plaintiff's tax returns for the years 2003 to the present.

8. All employment and/or payroll records of the plaintiff for the years 2003 to the present.

9. A list giving names, addresses and specialties of all the expert witnesses (other than non-treating, purely consulting experts who are not to testify at trial), together with the statements, reports, notes, memoranda, and any other document prepared by said expert witnesses who may be called as witnesses at trial.

10. Any and all documents indicated in Plaintiff's Answers to Interrogatories as being responsive to a particular interrogatory.

11. Any and all accident or investigative reports and/or incident or witness statements pertaining to the alleged occurrence prepared by any party to this case, by plaintiff's employer, or by any third party.

12. Any and all diary entries, notes or other memoranda made which relate to the occurrence and/or damages arising therefrom.

13. All correspondence or other documents sent between Plaintiffs, their attorneys, or anyone acting on Plaintiffs' behalf and Home Depot after the alleged occurrence and prior to Plaintiffs filing their Complaint, regarding or relating to said occurrence.

14. All correspondence or other documents sent between Plaintiffs, their attorneys, or anyone acting on Plaintiffs' behalf and PMR after the alleged occurrence to the present, regarding or relating to said occurrence.

15. All correspondence or other documents sent between Plaintiffs, their attorneys, or anyone acting on Plaintiffs' behalf and any other entity or individual not a party to this action after the alleged occurrence to the present, regarding or relating to said occurrence.

16. All documents, exhibits or any other tangible evidence that plaintiff intends to introduce into evidence or to use at arbitration or trial of this matter.

17. For any document being withheld from production based on the claim of privilege, provide a log containing the following information with respect to each document for which such a claim of privilege is being made, and include:

    a. The date on which the document was prepared of finalized;
    b. The name and last known address of the author of the document;

    c.    The name and last known address of the recipient of the document;
    d.    A brief description of the subject matter covered in the document; and
    e.    The specific basis of the claim or privilege.

_____
John P. McCorry
Attorney for Defendant, Home Depot U.S.A., Inc.

John P. McCorry
McVEY & PARSKY, LLC
30 N. LaSalle Street, Suite 2100
Chicago, Illinois 60602
312-551-2130
312-551-2131 (facsimile)
jpm@mcveyparsky-law.com
Firm No. 39907

4

Exhibit B

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that on June 11, 2008, I served the foregoing First Notice for Production of Documents to the following attorney of record, using the means identified below:

> Paul G. O'Toole
> Nancy L. Hirsch
> Mark Anthony Heftman
> David M. Baum
> Reibman, Hoffman, Baum Hirsch & O'Toole
> 20 N. Clark Street, Suite 1700
> Chicago, IL 60602
> ***Via U.S. Mail and electronic mail (potoolerhb@ameritech.net)***

BY: _____
John P. McCorry
Attorney for Home Depot U.S.A., Inc.

5

Exhibit B