IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TERENCE JERMAN and THERESA HARSKEY, | ) ) ) |
| Plaintiffs, | ) ) Case No. 07 C 6517 |
| v. | ) ) ) |
| HOME DEPOT U.S.A., INC., a foreign Corporation, d/b/a THE HOME DEPOT, | ) ) ) ) |
| Defendant. | ) |

**PLAINTIFF TERENCE JERMAN and THERESA HARSKEY'S RESPONSE TO DEFENDANTS' FIRST NOTICE FOR PRODUCTION OF DOCUMENTS**

1.) Plaintiff objects to this request, being overly broad. Notwithstanding, Plaintiff does not have any formal written statements or cassette recorded statements. Representatives of the Plaintiff spoke with Joe Ivanauskas and Mr. Ivanauskas also spoke with Mr. Terence Jerman. Additionally, individuals who were employees of PMR called Ms. Theresa Harskey to inform her of the condition of Plaintiff's ill-being that was caused to her husband.

2.) Plaintiff objects to this request, being overly broad. Notwithstanding, Plaintiff does not have any formal written statements or recorded statements. Representatives of the Plaintiff spoke with Joe Ivanauskas and Mr. Ivanauskas also spoke with Mr. Terence Jerman. Additionally, individuals who were employees of PMR called Ms. Theresa Harskey to inform her of the condition of Plaintiff's ill-being that was caused to her husband.

3.) Only those photographs which were disclosed in Plaintiff's 26(a)(1) Disclosure page 1 - 2378 inclusive.

4.) Plaintiff has previously provided Defendant with all medical records Plaintiff's 26(a)(1) Disclosure page 1 - 2378 inclusive, with the exception of the Good Samaritan discharge Instructions, attached herein.

Exhibit D

-2-

5.) Plaintiff has previously provided Defendant with all medical bills Plaintiff's 26(a)(1) Disclosure page 1 - 2378 inclusive.

6.) See attached correspondence of April 23, 2008 with Lien from Virginia Surety Company c/o CISGI.

7.) See attached Plaintiff's Supplemental to Rule 26(a)(1) Disclosure page 1 - 2378 inclusive. Plaintiff will supplement the same upon receipt of additional tax information.

8) Plaintiff has previously forwarded all employment and/or payroll records that we are in our possession of to the Defendant in Plaintiff's 26(a)(1) Disclosure page 1 - 2378 inclusive.

9.) Plaintiff has not retained an expert at this time, but reserves the right to do so in the future.

10.) None other than previously disclosed. Investigation continues.

11.) Any and all accident or investigative reports were previously disclosed in Plaintiff's 26(a)(1) Disclosure page 1 - 2378 inclusive.

12.) None other than Home Depot has in its possession. Investigation continues.

13.) None. Investigation continues.

14.) See attached correspondence of November 15, 2007 from Plaintiff's attorney to PMR. Also, correspondence from Cambridge dated April 23, 2006; Subpoena of November 8, 2007 and correspondence of November 12, 2007 from PMR.

15.) Plaintiff objects, this information calls for Attorney/Client Privilege and is overly broad. Investigation continues.

Exhibit D

16.) Any and all items which the Plaintiff has in their possession, which intends to introduce into evidence, or use at the arbitration in this matter has been forwarded to the Defendant, Plaintiff's 26(a)(1) Disclosure page 1 - 2378 inclusive. Investigation continues.

17.) None. Investigation continues.

Respectfully Submitted,

 s/Paul G. O'Toole, Esq.

Paul G. O'Toole, Esq. (#6202802)
Attorney for Plaintiffs *Jerman & Harskey*
**REIBMAN, HOFFMAN, BAUM, HIRSCH & O'TOOLE**
20 N. Clark Street
Suite 1700
Chicago, IL 60602
Phone:       (312) 372-6367
Fax:         (312) 372-0531
Email: potoolerhb@ameritech.net

Exhibit D