## John McCorry

| | |
|---|---|
| **From:** | John P. McCorry |
| **Sent:** | Friday, August 22, 2008 4:53 PM |
| **To:** | 'Paul OToole' |
| **Cc:** | 'gvurdelja@harrisonheld.com'; Ed F. McGinnis |
| **Subject:** | Jerman v. Home Depot v. PMR |

**Tracking:**

| Recipient | Delivery | Read |
|---|---|---|
| 'Paul OToole' | | |
| 'gvurdelja@harrisonheld.com' | | |
| Ed F. McGinnis | Delivered: 8/22/2008 4:53 PM | Read: 8/22/2008 4:59 PM |

Dear Paul,

This letter is being sent pursuant to Fed. R. Civ. P. 37; N.D. Ill. L.R. 37.1; and Judge Castillo's Case Management Procedures.

**Plaintiffs' Answers to Home Depot's Interrogatories and Requests for Production of Documents**

I have had a chance to review your clients' responses to Home Depot's Interrogatories and Request for Production of Documents. Several of your responses fail to provide all of the requested information. You have also made unfounded objections to several of Home Depot's Interrogatories. Therefore, we require additional responses to the following Interrogatories and Requests for Production of Documents:

Interrogatory #15 asked plaintiffs to identify any conversations between plaintiffs (or anyone acting on their behalf) regarding the manner of Mr. Jerman's alleged occurrence. Mr. Jerman stated that he had a conversation with Joe Ivanauskas, and that unidentified representatives of your firm had an oral conversation with Mr. Ivanauskas. However, you did not provide the date(s) of these conversations; the place(s) of these conversations; all persons present for these conversations; and the matters and things stated by Mr. Ivanauskas and others who participated in these conversations. You also stated that a co-worker contacted Mr. Jerman's wife on the date of the alleged occurrence and advised her of the situation. However, you do not identify the name of the co-worker and the matters and things stated by the co-worker and Mr. Jerman's wife during the conversation. Please provide all of the information requested in this interrogatory.

Interrogatory #16 asked plaintiffs to identify any statements made by any person relating to the occurrence, and to give the name and address of each such person, the date of the statement and whether such statement was written and/or oral. You state that notes of conversations with PMR employees had with workers on location were disclosed in Plaintiffs' 26(a) (1) disclosure. However, no such notes of conversations were disclosed in plaintiffs' initial disclosures. Please either identify where in the initial disclosures these notes were disclosed or provide the notes of these conversations.

Interrogatory #19 asked plaintiffs to describe the events and circumstances surrounding the alleged occurrence, beginning with Mr. Jerman's arrival at the Home Depot store and ending with Mr. Jerman's first receipt of medical treatment for his alleged injuries. You objected to this interrogatory on the basis that it called for a narrative and that it was overly broad. However, you did not specify how it was overly broad. Additionally, narrative is not an appropriate objection. You have not to date provided us with an explanation regarding how Mr. Jerman's alleged occurrence happened. Please provide us with

Mr. Jerman's description of how his alleged occurrence happened and the events occurring immediately thereafter.

Interrogatory #20 asked plaintiffs to describe all training that Mr. Jerman received for the work he was to perform for PMR from the date of his hire until the date of the alleged occurrence. You objected on the basis that it called for a narrative and was overly broad. You failed to state how the question was overly broad, and in any event the question is not overly broad because it limits the timeframe. Additionally, calls for a narrative is not an acceptable objection, and in any event it does not call for a narrative response but merely asks Mr. Jerman to identify the training her received from PMR during his employment. Please identify all training that Mr. Jerman received from PMR from the date of his hire until the date of his alleged loss.

Interrogatory #21 asked plaintiffs to identify all training materials, written instructions, plans, diagrams or other documents Mr. Jerman received for the work he was to perform for PMR from the date of his hire until the date of the alleged occurrence. You refer generally to the documents previously disclosed in Plaintiffs' Rule 26 disclosures. However, you do not identify what documents within that disclosure are responsive to this interrogatory. You also do not state whether you received other responsive materials not included in Plaintiffs' Rule 26 disclosures. Please identify by title all documents responsive to this request, whether contained in your Rule 26 disclosures and previously not disclosed or provided.

Interrogatory #22 asked plaintiffs to identify the individuals with whom Mr. Jerman was directly working at the time of the alleged occurrence. You objected on the basis that the questions calls for a narrative and is overly broad. This interrogatory is neither, and thus your objections are inappropriate. Mr. Jerman clearly knows the identity, either by name or physical description, of the individuals with whom he was working at the time of the alleged occurrence. Please provide us with this information.

Interrogatory #23 asked plaintiffs to identify all conversations between plaintiffs (or their attorneys or anyone acting on their behalf) and Home Depot regarding the alleged occurrence between the day of the alleged occurrence and the filing of plaintiffs' Complaint. Plaintiffs responded that they are not aware of any conversations or statements with any Home Depot employees other than what occurred on the date of the occurrence. However, you provide no details regarding any conversations or statements that took place on the date of the alleged occurrence. Clearly, Mr. Jerman has knowledge regarding the details surrounding any such conversations, including the identity or physical description of any people involved and the substance of the conversations. Therefore, please provide us with this information.

Interrogatory #24 asked plaintiffs to list the names and addresses of persons not previously identified who have knowledge of the facts of the alleged occurrence and Mr. Jerman's alleged injuries and damages. You broadly identified plaintiffs' attorney, family, friends, and medical providers. However, you did not provide the names and addresses of the individuals. Please provide us with this information.

Request for Production #7 asked plaintiffs to produce their income tax returns for the years 2003 through the present. You have provided us with Mr. Jerman's W-2s for the year 2000, 2001, 2005 and 2006. However, you have not provided us with plaintiffs' income tax returns. Please provide us with these income tax returns.

Request for Production #8 asked plaintiffs to produce all employment and payroll records for the years 2003 through the present. You provided us with Mr. Jerman personnel file from PMR. However, you have not provided us with records for any of his employers prior to the start of his employment with PMR. Additionally, you have not provided us with payroll records. Please provide us with these documents.

Exhibit E

9/4/2008

Request for Production #15 asked plaintiffs to produce all correspondence or other documents sent between Plaintiffs (or their attorneys or anyone acting on Plaintiffs' behalf) and any other entity or individual not a party to this action after the alleged occurrence to the present, regarding or relating to said occurrence. You objected on the basis that called for material requested was protected by the attorney client privilege and was overly broad. The request does not call for any material protected by the attorney client privilege, but asks for correspondence or documents sent between plaintiffs and/or their representatives and third parties not involved in this action regarding the alleged occurrence. Additionally, the request is not overbroad because it is limited in its timeframe from the date of the alleged accident to the present, and also restricts the documents requested. Therefore, please provide us with all documents responsive to this request.

We request that you provide us with your responses to the above by September 2, 2008; otherwise we will have to address these issues with the District Court during our next status hearing on September 4, 2008.

**Mr. Jerman's HIPPA Authorizations**

We have requested three times that Mr. Jerman complete HIPPA medical authorizations for various of his treating physicians so that we may obtain his medical records. These authorizations were included with our discovery requests served on your office on June 11, 2008. To date you have provided no explanation for your failure to have Mr. Jerman complete these authorizations and return them to our office. Please have Mr. Jerman complete these authorizations immediately and return to our attention by August 27, 2008. Should we not receive the authorizations by that time, we will have no choice but to prepare a motion for protective order and ask the District Court to award us our costs in bring said motion due to your failure to complete the authorizations.

**Mr. Jerman's Deposition**

As you know, we originally sent you a notice of deposition scheduling Mr. Jerman's deposition for July 23, 2008. However, we adjourned that date due to the addition of PMR as a third party defendant and plaintiffs' failure to timely respond to discovery. PMR has now filed its appearance and its answer is due on August 29, 2008. On August 12, 2008, we proposed the following dates for Mr. Jerman's deposition: August 26, 2008, August 28, 2008, and September 3, 2008. You responded on August 14, 2008 and said that you were checking dates with your client. However, we have heard nothing further from you since that time. Please let us know what dates Mr. Jerman is available for his deposition so that we may schedule the deposition. If we hear nothing further from you, we will choose a date and sent you an amended notice of deposition.

**Plaintiffs' Deposition Notices to Home Depot**

This past Wednesday, August 20, 2008, we received your sixty-four (64) deposition notices for the individuals previously identified as Home Depot employees who were present at the subject store from 4:00 pm to midnight on the date of Mr. Jerman's alleged occurrence. Noticing the depositions to all 64 individuals is clearly vexatious and harassing. Fed. R. Civ. P. 30 (a) (2) (A) (i) limits depositions to no more than 10 without leave of court. Additionally, Fed. R. Civ. P. 26 (b) (2) (C) precludes discovery that is unreasonably cumulative or burdensome. Therefore, Home Depot demands that you withdraw these deposition notices immediately. If you do not, Home Depot will move to quash the notices at the next status hearing.

You have stated in previous conversations with me that plaintiffs' accident occurred between the hours

of 10:00 pm and midnight. You further stated that plaintiff spoke with one individual whom he believed worked for Home Depot. However, we have not been provided with any information regarding this purported Home Depot employee. Please provide me with the name and/or a description of the individual with whom Mr. Jerman claims to have spoken and we will attempt to determine whether a person fitting that description was employed by Home Depot and working at the subject store on the date of the alleged occurrence.